## FIDELITY–PHILADELPHIA TRUST CO. et al. v. ROTHENSIES et al.

### No. 8291.

Circuit Court of Appeals, Third Circuit.

Argued May 17, 1943.

Decided May 15, 1944.

C. Russell Phillips, of Philadelphia, Pa. (Montgomery, McCracken, Walker & Rhoads, of Philadelphia, Pa., on the brief), for appellants.

Carlton Fox, of Washington, D.C. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, J. Louis Monarch, Sp. Assts. to Atty. Gen., and Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, MAGRUDER, and JONES, Circuit Judges.

BIGGS, Circuit Judge.

On March 26, 1928 Anna C. Stinson irrevocably transferred certain property to a trust which she created. Mrs. Stinson was the mother of two daughters who at that time were minors and unmarried. The indenture provided that the income from the trust was to be paid to the settlor during her lifetime [1] and upon her death to her daughters, in equal shares during their respective lives. At the death of each daughter, the corpus or principal supporting that daughter's share of income was to be paid to her descendants per stirpes. In the event that either daughter died without leaving descendants surviving her, the corpus or principal supporting that daughter's share of income was to be added to the share of the other daughter if she was then living, or should go per stirpes to the surviving descendants of the other daughter if she was then dead. In the event of the death of both daughters without leaving surviving descendants, the corpus was to be paid to such persons as the settlor should appoint by will. In default of such appointment, the trustee was to pay the corpus to certain charities named in the indenture. Mrs. Stinson died on November 17, 1934, at the age of fifty-one. Both daughters survived her and at the time of their mother's death were unmarried. At the time of the hearing before the court below, both daughters were married. One daughter had one child; the other, two children.

The primary question presented for our determination is whether Section 302(c) of the Revenue Act of 1926, 44 Stat. Vol. 2, 70, 26 U.S.C.A. Int.Rev.Acts, page 227, requires the inclusion of the corpus of the trust in Mrs. Stinson's estate for estate-tax purposes.

The learned District Judge held that the trust was testamentary in character and that gifts granted by the indenture were, to employ the language of the statute, "intended to take effect in possession or enjoyment at or after * * * death * * *".[2] He based his conclusions on the decisions of the Supreme Court in Klein v. United States, 283 U.S. 231, 51 S.Ct. 398, 75 L.Ed.

---

[1] The retention of the life estate by Mrs. Stinson is not sufficient in itself to render the corpus of the trust includible in her estate for estate-tax purposes. See Note 3 of the opinion in Commissioner of Internal Revenue v. Kellogg, 3 Cir., 119 F.2d 54, at page 56.

[2] The District Court in its eleventh finding of fact stated: "The trust was testamentary in character and was intended as a substitute for a testamentary disposition in that it was intended to take effect in possession or enjoyment after the death of the decedent."

996, and Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368. The appellants rely on the decision of this court in Commissioner of Internal Revenue v. Kellogg, 3 Cir., 119 F.2d 54.

Turning to Helvering v. Hallock, supra, which must control our decision in the case at bar, Mr. Justice Frankfurter directs our attention (309 U.S. at page 110, 60 S.Ct. at page 447, 84 L.Ed. 604, 125 A.L.R. 1368) to the necessity of determining "Whether the transfer made by the decedent in his lifetime is 'intended to take effect in possession or enjoyment at or after his death' by reason of that which he retained, * * *." That is the crux of the problem. The tax tribunals are admonished to avoid decisions based upon linguistic refinements and verbal resemblances of one trust indenture to another. The St. Louis Trust cases (Helvering v. St. Louis Trust Co., 296 U.S. 39, 56 S.Ct. 74, 80 L.Ed. 29, 100 A.L.R. 1239, and Becker v. St. Louis Trust Co., 296 U.S. 48, 56 S.Ct. 78, 80 L.Ed. 35) were expressly overruled, as was the decision of this court in Rothensies v. Cassell, 3 Cir., 103 F.2d 834,[3] whereas the decision of the Court of Appeals for the Second Circuit in Bryant v. Commissioner, 104 F.2d 1011, was affirmed.

In every one of the cases overruled by the Supreme Court in Helvering v. Hallock the settlor or testator had created express conditions or contingencies upon the happening of which he could have regained the corpus of the trust. In each case the Supreme Court held that the settlor or testator had made gifts testamentary in character and intended to take effect in possession or enjoyment at or after his death.[4]

In the case at bar, Mrs. Stinson did retain a string or tie, whereby, upon the happening of certain contingencies she could have regained control of the corpus of the trust at least to the extent of making it subject to testamentary bequests. Must it be said that for this reason she, like the grantor in Helvering v. Hallock, "* * * selected to hold in suspense the ultimate disposition of [the] property until the moment of * * * death." ? We think that the answer must be in the affirmative. The case at bar is distinguishable from the Kellogg case on which the appellant strongly relies for in that case, as we have stated, 119 F.2d at page 57, "* * * the fact of importance * * * is that the grantor during his lifetime disposed of his interests in the corpus of the trust as well as any man could." Kellogg retained nothing. He had merely a possibility of reverter. As is said in Paul's "Federal Estate and Gift Taxation" Volume I at p. 367, this limitation upon Helvering v. Hallock is a "possible" one.[5] The indenture in the case at bar, to employ technical conveyancing terms, puts the remainders in the grantor's grandchildren who were not in esse at the time the indenture was executed and the grantor could have recovered the right to dispose of the corpus on the happening of the specified contingencies. For these reasons the case at bar is closer to Klein v. United

---

[3] In the Supreme Court sub nomine Rothensies v. Huston, 309 U.S. 106, 60 S. Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368.

[4] Cf. the facts of May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826, 67 A.L.R. 1244; Reinecke v. Northern Trust Co., 278 U.S. 339, 49 S.Ct. 123, 73 L.Ed. 410, 66 A.L.R. 397, and Shukert v. Allen, 273 U.S. 545, 47 S.Ct. 461, 71 L.Ed. 764, 49 A.L.R. 855.

[5] Mr. Paul also states, Idem at p. 368, "The Third Circuit's refusal to extend the Hallock case to a remote reverter contingent upon the survival of the grantor's own next of kin is understandable. It is doubtful, however, whether the rule of that case is dependent upon an express reservation in the trust instrument. A string or tie supplied by a rule of law is as effective as one expressly retained in the trust indenture." A string or tie supplied by a rule of law is as effective as one expressly retained in the trust indenture but the fact that the string or tie is supplied by the indenture is evidence "Whether the transfer made by the decedent in his lifetime is 'intended to take effect in possession or enjoyment at or after his death' by reason of that which he retained, * * *." Helvering v. Hallock, 309 U.S. at page 110, 60 S.Ct. at page 447, 84 L.Ed. 604, 125 A.L.R. 1368. If the string or tie is expressly retained by the grantor, it is one of the provisions of the indenture to be construed with others in order to determine whether the gift is to take effect in possession or enjoyment at or after the grantor's death. This, however, does not substitute a subjective test for an objective one.

The Kellogg case has been followed by the Tax Court. See Estate of Ballard v. Commissioner, 47 B.T.A. 784, 791; Estate of Bradley v. Commissioner, 1 T. C. 518, 522; Estate of Hofheimer v. Commissioner, 2 T.C. 773, and Estate of Houghton v. Commissioner, 2 T.C. 871.

States, 283 U.S. 231, 51 S.Ct. 398, 75 L.Ed. 996, than to May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826, 67 A.L.R. 1244.

█ The appellants contend that if the property transferred is to be included the value of intervening estates must be deducted, citing Helvering v. Hallock (specifically that part of that opinion dealing with Bryant v. Helvering, Com'r) as well as the provisions of Article 17, of Regulations 80, as amended by T. D. 5008.[6] Neither these decisions nor the Regulations support the appellants' position for in the case at bar the first life estate was in the settlor. Since the disposition of the estate was held in suspense until her death, that event compels the imposition of the tax. The rights of the beneficiaries other than those of the grantor's daughters could not become absolute until the death of the grantor and had to remain contingent or conditional at least until the happening of that event. It is stipulated that the value of the corpus as of the date of Mrs. Stinson's death was $84,433.39 and it was upon this sum that the trial court rested its judgment. This was not error.

█ One final point remains for discussion. In this case the learned District Judge, while not expressly finding that the transfer to the trust was not made by Mrs. Stinson in contemplation of death, stated, "A careful consideration of all the circumstances surrounding this transfer does not convince me that it was made in contemplation of death." Since there was no substantial evidence from which it could have been found that the transfer made by Mrs. Stinson was made in contemplation of death, we think we are justified in concluding that this is the equivalent of a finding that the transfer was not made in contemplation of death. We will so treat

it. Certainly there is ample evidence in the record upon which the District Court could have based that specific finding.

The judgment of the court below is affirmed.

JONES, Circuit Judge (concurring).

I concur in the affirmance of the judgment of the District Court for the following reason.

Where a settlor makes an inter vivos transfer of property with remainders over to a class none of whom is in being at the time of the transfer and provides that, upon ultimate failure of the class, the property shall pass as the settlor may by will appoint, it is at least as reasonable to infer that the property will ultimately pass according to the settlor's appointment as it is to infer that it will pass by virtue of the transfer to then nonexistent remaindermen. In such circumstances, I fail to see how the taxpayer can be thought to have overcome the presumptive correctness of the Commissioner's determination that the transfer, when made, included a gift of the corpus in remainder to take effect in possession or enjoyment at or after the transferor's death by virtue of his appointment.

That rules the instant case. The facts here show that the settlor made an inter vivos transfer of property, reserving to herself a life estate (the transfer antedated the Joint Resolution of 1931), with succeeding life estates in her two minor and unmarried daughters and remainders over in the corpus to the descendants of the daughters or either of them with the further provision that, in the event of the death of both daughters without leaving surviving descendants, the corpus should be paid to such persons as the settlor should by will appoint.

---

[6] The pertinent portion of the Regulations is as follows: "Thus, upon a transfer by a decedent of property in which an estate for life is given to one and an estate in remainder to another, but with a provision added that the estate in remainder shall revest in the decedent should he survive the owner of the life estate, there is to be included, in determining the value of the decedent's gross estate following his death, the value as of the date of his death of the estate in remainder, *if the life estate is then outstanding.*" (Emphasis supplied.)