**ELDREDGE et al. v. ROTHENSIES,**
Collector of Internal Revenue.

No. 3113.

District Court, E. D. Pennsylvania.

Aug. 18, 1944.

Laurence H. Eldredge, of Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, U. S. Dist. Atty., and Thomas J. Curtin, Asst. U. S. Dist. Atty., both of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This is a suit to recover $44,901.70 alleged to have been collected illegally as an estate tax.

The decedent, in 1930, prior to her divorce from her second husband, created an irrevocable inter vivos trust with respect to certain shares of stock then owned by her. The trust instrument directed the trustees to pay the net income to the settlor during her life. Upon her death, the corpus was to be divided and conveyed in equal shares to her children living at that time, the issue of any deceased child taking such child's share per stirpes. If no child and no issue of any deceased child should be living at her death then the corpus was to be distributed as the settlor might by will appoint. In default both of surviving remaindermen and of such appointment, the property was to pass to the settlor's heirs.

At the time of the transfer the settlor was 35 years old and the mother of three children who were then 13, 10 and 4 respectively. She died in 1941, all three children being then living, also one grandchild.

I am of the opinion that the value of the trust estate was properly included in the decedent's gross estate, as property of which the decedent made a transfer intended to take effect at her death. Sec. 302(c) of the Revenue Act of 1926, 26 U.S. C.A. Int.Rev.Acts, page 227.

Three recent decisions of the Circuit Court of Appeals for the Third Circuit cover the applicable law. They are Commissioner v. Kellogg, 1941, 119 F.2d 54; Lloyd v. Commissioner, March 31, 1944, 141 F.2d 758, and Fidelity-Philadelphia Trust Co. (Stinson estate) v. Rothensies, May 15, 1944, 142 F.2d 838. In the first two, the trust was not subject to the estate tax, in the third, it was.

The plaintiff contends that the Kellogg decision is controlling. I think, however, that the trust in the present case has, exactly, the critical feature which made the Stinson trust taxable and which distinguished that trust from the trust in the Kellogg case. In the Kellogg case, the only thing relied on by the Commissioner to bring the trust within the class of settlements intended to take effect at death was a possibility of reverter. This was held too remote.

In neither the Kellogg nor the Lloyd case was there any power of appointment in the settlor. In the Kellogg case it was contingently in the remaindermen. In the Lloyd case it was in the children who were the immediate life beneficiaries.

In the Stinson trust, although there was no possibility of reverter to the settlor (the remainder going to charities on the last contingency) there was a power of appointment reserved to the settlor (described by the court as a string or tie) exercisable upon the happening of certain contingencies, whereby the estate could have been subjected to testamentary disposition by the settlor. This was held to be sufficient, under the court's interpretation of Helver-

ing v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368, to make the trust taxable as intended to take effect at death. The trust in the present case contained a similar power of appointment.

The defendant argues that the point upon which the Stinson trust was distinguished from the Kellogg trust and held to be taxable was that, in the former, the remainder never vested. If this were the controlling point, then the trust in the present case would be taxable. I think, however, that, in a case where the settlor has kept a string or tie upon the fund in the form of a power of appointment which may some time arise, the vesting or nonvesting of the remainders is of very little importance. The question is, in each case, is there an actual possibility that the settlor will have the power of ultimately disposing of the property by will?

The opinion of the Circuit Court of Appeals in the Stinson case need be only slightly paraphrased to be precisely applicable to the case in hand, and to show how the latter differs from the Kellogg case. "In the case at bar, (Mrs. Taylor) did retain a string or tie, whereby, upon the happening of certain contingencies she could have regained control of the corpus of the trust at least to the extent of making it subject to testamentary bequests. * * * The case at bar is distinguishable from the Kellogg case on which the appellant strongly relies * * *. Kellogg retained nothing. He had merely a possibility of reverter. * * * The indenture in the case at bar, to employ technical conveyancing terms, puts the remainders in the grantor's (children or, in the event of their death before the grantor, leaving children then to the grantor's) grandchildren who were not in esse at the time the indenture was executed and the grantor could have recovered the right to dispose of the corpus on the happening of the specified contingencies. For these reasons the case at bar is closer to Klein v. United States, 283 U.S. 231, 51 S.Ct. 398, 75 L.Ed. 996, than to May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L. Ed. 826, 67 A.L.R. 1244." [142 F.2d 840.]

I do not think that the remark of Judge Jones in his concurring opinion in the Stinson case to the effect that, "it is at least as reasonable to infer that the property will ultimately pass according to the settlor's appointment as it is to infer that it will pass by virtue of the transfer to

then nonexistent remaindermen" which the plaintiff stresses in his argument, was intended to announce a general rule to the effect that the result in each case depends upon a balancing of the probabilities as to whether the power of appointment will or will not ever be exercised. It may be that, when the trust in the present case was created, there was less likelihood that the power of appointment would be exercised than there was in the case of the Stinson trust, but there was a very real possibility that it would be, which is sufficient.

Judgment may be entered in favor of the defendant.