## WILLIAMS v. UNITED STATES.

District Court, S. D. New York.
May 9, 1945.

Edward L. Blackman, of New York City, for plaintiff.

John F. X. McGohey, U. S. Atty., of New York City (Marvin M. Notkins, Asst. U. S. Atty., of New York City, of counsel), for defendant.

BRIGHT, District Judge.

Plaintiff seeks recovery of the amount paid by her under protest in settlement of a deficiency assessment of estate taxes upon the estate of her mother, Mary Clark deBrabant, deceased. The question to be decided is whether or not the corpus of an inter vivos trust, erected by decedent on February 6, 1928, should be included in the gross estate of the decedent under the provisions of § 811(c) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 811(c). Mrs. deBrabant died on December 19, 1939, leaving a last will and testament, under which plaintiff was residuary legatee.

The facts are stipulated. At the time the trust was created, deceased was fifty-eight years of age, plaintiff was thirty-two, her two daughters were respectively nine and seven years of age, and all were in good health. The trust instrument, so far as material to this discussion, provided for the payment of the income to the settlor during her life, with the right in her to require that any quarterly payment or any part thereof shall be paid to plaintiff; upon the death of the settlor, the trust shall cease and determine, and the entire principal, together with accumulated income shall be paid to plaintiff, if living, if not, to her issue living at the date of the settlor's death; in case neither plaintiff nor any issue of hers be then alive, to the executor or executors of the settlor, to be disposed of according to her will; and in case the settlor dies without issue and without a valid will which shall be admitted to probate, the corpus and accumulated income shall be paid to named brothers and a sister, or to the issue of any one of them who may have predeceased the settlor.

Plaintiff and her two daughters were living at the death of Mrs. deBrabant. The amount of the deficiency assessment was paid, and a claim for refund made, which was rejected by the Commissioner of Internal Revenue upon the grounds that the transfer in trust (1) was made in contemplation of death; (2) to take effect in possession and enjoyment at or after death; (3) was made with a reser-

vation to alter or amend, referring to the right of the settlor to direct that income be paid to the daughter; and (4) provided for a possibility of reverter, in that the principal and income were to be paid to the executors of the settlor, to be disposed of according to her will, in case neither her daughter nor any issue of hers be alive at the death of the settlor.

The applicable statute in force at the date of the trust agreement was the Revenue Act of 1926, Ch. 27 of the Act of February 26, 1926, § 302, 44 Stat. 70, and so far as material, provided:

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated— * * * (c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or moneys worth. * * * (d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or moneys worth. * * *"

■ The statute expressly includes in the gross estate all transfers "intended" to take effect in possession or enjoyment at or after death. The intention of the settlor at the time of the execution of the trust instrument is paramount. Practical administration of that enactment would seem to require, therefore, that the terms of the instrument control. To leave the determination of intent to the happening of a contingency, remote or otherwise,

dependent upon fortuitous chances of death, of accident, of illness, of suicide, of common disaster, or in any way occurring by act of God, man, or otherwise, would seem less practical in administration than one based upon the language used in the trust agreement. The settlor should and would be presumed to anticipate by the terms of the instrument the possibilities mentioned, and if in doing so, she states by any language that the trust estate shall come back to her for disposition by an instrument speaking at her death, or by operation of intestate law, or otherwise, it would seem obvious that her intent was to postpone possession or enjoyment until death determined who should take.

■ I am confident, in view of the terms of the trust instrument, providing for a reversion of the trust estate to the settlor's executors to be disposed of by her will in the event that her daughter and issue should have predeceased her, that this case is ruled by the decision in Fidelity-Philadelphia Trust Co. v. Rothensies, 3 Cir., 142 F.2d 838, affirmed February 5, 1945, in 324 U.S. 108, 65 S.Ct. 508, 89 L.Ed. 783, and by the cases of Klein v. United States, 283 U.S. 231, 234, 51 S.Ct. 398, 75 L.Ed. 996, Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368, and Commissioner v. Flanders (re Trust No. 4), 2 Cir., 111 F.2d 117–121. Obviously, the remaindermen would have taken nothing if the settlor had survived her daughter and her issue. Her death was the event that destroyed the possibility of reverter and brought into being a remainder of which plaintiff had full dominion. As was said in the Fidelity case [142 F.2d 840], the settlor "did retain a string or tie, whereby, upon the happening of certain contingencies she could have regained control of the corpus of the trust at least to the extent of making it subject to testamentary bequests."

■ The remoteness of the possibility that Mrs. deBrabant's will would ever have operated to dispose of the trust estate, should not be controlling, and in the practical administration of the tax law would

seem to be a factor which should be avoided. The Supreme Court in the Fidelity case said [324 U.S. 108, 65 S.Ct. 510]:

"It is fruitless to speculate on the probabilities of the property being distributed under the contingent power of appointment. Indeed, such speculation is irrelevant to the measurement of estate tax liability The application of this tax does not depend upon 'elusive and subtle casuistries.' Helvering v. Hallock, supra, 309 U.S. at page 118, 60 S.Ct. at page 450, 84 L.Ed. 604, 125 A.L.R. 1368. No more should the measure of the tax depend upon conjectures as to the propinquity or certainty of the decendent's reversionary interests. It is enough if he retains some contingent interest in the property until his death or thereafter, delaying until then the ripening of full dominion over the property by the beneficiaries."

And see Goldstone v. United States, 2 Cir., 144 F.2d 373-375, and Commissioner v. Field, 324 U.S. 113, 65 S.Ct. 511, 89 L.Ed. 786.

It is urged that May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826, 67 A.L.R. 1244, and kindred cases are decisive of the question, and that it has not been overruled by Helvering v. Hallock. It is probable that May v. Heiner is authority only for the rule that the reservation of income to the settlor for life does not make the corpus includable in the gross estate of the grantor for estate tax purposes. Helvering v. Hallock, supra, footnote 7 at page 120, of 309 U.S., 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368. But May v. Heiner is not parallel here, and it is not necessary to decide whether it has been overruled. As the Second Circuit holds that it has not (Helvering v. Proctor, 140 F.2d 87, 155 A.L.R. 845, and the Supreme Court in the Fidelity-Philadelphia Trust Company and Field cases have not seen fit to decide the question, there is no reason why I should "rush in."

The trust transfer, in my judgment, was not made in contemplation of death. Mrs. deBrabant, at the time, was in good health, had no thought of death, and was looking forward to an enjoyable old age, the coming out of her granddaughters, their marriage, and the possibility of great-children. She had given an ample fortune to her daughter, separate and apart from the trust fund. She retained ample estate for her own purposes, whether she was improvident or otherwise. She had, on several occasions, made testamentary dispositions of what she might have when death intervened. And every fact seems to bear out the conclusion that what she did was with life as her vision, and death only in the far future as the natural end of all human endeavor. United States v. Wells, 283 U.S. 102, 51 S.Ct. 446, 75 L.Ed. 867; Colorado Nat. Bank of Denver v. Commissioner, 305 U.S. 23–27, 59 S.Ct. 48, 83 L.Ed. 20; City Bank Farmers Trust Co. v. McGowan, 323 U.S. 594, 65 S.Ct. 496, 89 L.Ed. 483; Fidelity-Philadelphia Trust Co. v. Rothensies, 3 Cir., 142 F.2d 838–841.

The right to control the payment of the income, reserved by the settlor, has not been argued by defendant either orally or in its brief, and I assume is not deemed of any importance. Were it insisted upon, it would not, in my judgment, militate against the plaintiff.

The complaint is dismissed upon the merits, without costs.