## ELDREDGE et al. v. ROTHENSIES, Collector of Internal Revenue.

### No. 8725.

Circuit Court of Appeals, Third Circuit.

Argued May 14, 1945.

Decided June 12, 1945.

Laurence H. Eldredge, of Philadelphia, Pa. (Norris, Lex, Hart & Eldredge, of Philadelphia, Pa., on the brief), for appellants.

Loring W. Post, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., and Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., on the brief), for appellee.

Before DOBIE, GOODRICH, and Mc-LAUGHLIN, Circuit Judges.

DOBIE, Circuit Judge.

This is a civil suit brought to recover $44,901.70, alleged to be an illegal exaction by way of an estate tax, and interest paid by plaintiffs to the defendant. The salient facts may be briefly summarized.

The decedent, Constance Gardner Taylor, in 1930, prior to her divorce from her second husband, and in accordance with a demand by her husband as a condition to her securing an uncontested divorce, created an irrevocable inter vivos trust with respect to certain shares of stock then owned by her. At the time of the transfer, the settlor was 35 years old, and the mother of three children who were then 13, 10 and 4 years of age. The settlor died in 1941,

survived by all three children and one grandchild.

The trust instrument directed the trustees to pay the net income from the trust to the settlor during her life. Upon her death, the corpus was to be divided and conveyed in equal shares to her children surviving; the issue of any deceased child to take such child's share per stirpes. If no child, or issue of any deceased child should be living at the death of the settlor, then the corpus was to be distributed as the settlor might by will appoint. In default of both surviving children or their issue, and of such appointment, the property was to pass to the settlor's heirs.

The decedent died testate. The taxpayers (plaintiffs herein) duly filed a federal estate tax return, excluding the value of the trust corpus. The Commissioner of Internal Revenue determined that the value of the trust property should be included in decedent's gross estate, and gave notice to the plaintiffs of a deficiency in estate tax. Plaintiffs paid the deficiency and subsequently filed a claim for refund. The claim for refund was rejected and the present action was instituted in the United States District Court. From a judgment of the District Court in favor of defendant Collector, the plaintiffs have duly appealed.

The question before us is whether the value of the corpus of the trust shall be included in decedent's gross estate as a transfer intended to take effect in possession or enjoyment at or after decedent's death, within the meaning of Section 811 (c) of the Internal Revenue Code, 26 U.S. C.A.Int.Rev.Code, § 811(c).

At the time the District Court rendered its decision in the instant case, this Court had decided three cases involving the applicable law. They were: Commissioner v. Kellogg, 3 Cir., 1941, 119 F.2d 54; Lloyd's Estate v. Commissioner, 3 Cir., March 31, 1944, 141 F.2d 758, and Fidelity-Philadelphia Trust Co. (Stinson's Estate) v. Rothensies, 3 Cir., May 15, 1944, 142 F.2d 838. The District Court ruled that the Kellogg and Lloyd cases were inapplicable, and held the critical features of the Stinson trust to be controlling, rendering this trust taxable, 57 F.Supp. 474. In this we think the District Court was correct. Subsequent to the lower court's opinion in the instant case, the Stinson Trust has been reviewed by the Supreme Court of the United States. That Court's language in the Stinson Trust

case, Fidelity-Philadelphia Trust Co. v. Rothensies, 65 S.Ct. 508, and in the companion case of Commissioner v. Field's Estate, 65 S.Ct. 511, we think clearly operates to make the trust in the instant case taxable.

Section 811(c) and its predecessors were obviously enacted to protect the revenues. In Helvering v. Hallock, 309 U.S. 106, 112, 60 S.Ct. 444, 448, 84 L.Ed. 604, 125 A.L.R. 1368, Mr. Justice Frankfurter, in discussing Klein v. United States, 283 U.S. 231, 51 S.Ct. 398, 75 L.Ed. 996, had this to say:

"The inescapable rationale of this decision, rendered by a unanimous Court, was that the statute taxes not merely those interests which are deemed to pass at death according to refined technicalities of the law of property. It also taxes inter vivos transfers that are too much akin to testamentary dispositions not to be subjected to the same excise. By bringing into the gross estate at his death that which the settlor gave contingently upon it, this Court fastened on the vital factor."

Plaintiffs here rely, as they did in the Court below, on the Kellogg and Lloyd cases. We think that those cases can be distinguished from the instant case. In neither case was a power of appointment retained by the settlor, an element held to be a vital factor by the Supreme Court in the Stinson Trust case, supra. In any event, insofar as the decisions in these two cases, or any expressions in the opinions, may be in any way inconsistent with the Fidelity-Philadelphia case, supra, they must be taken to be overruled.

Plaintiffs urge that the settlor intended to divest herself of all interest and that she gave up all she possibly could; that in view of the ages of the remaindermen, the chances of the property revesting in the settlor or her estate were entirely negligible.

The answer to these contentions was clearly enunciated by the Supreme Court in Fidelity-Philadelphia Trust Co. v. Rothensies, supra. First, Section 811(c) "deals with property not technically passing at death but with interests theretofore created." [65 S.Ct. 509.] See, also, Helvering v. Hallock, supra. Secondly, the incidence of the tax is not to be determined by the "propinquity or certainty of the decedent's reversionary interests." And in Commissioner v. Field's Estate, 65 S.Ct. 511, at page 512, Mr. Justice Murphy stated:

"It makes no difference how vested may be the remainder interests in the corpus or how remote or uncertain may be the decedent's reversionary interest. If the corpus does not shed the possibility of reversion until at or after the decedent's death, the value of the entire corpus on the date of death is taxable."

Plaintiffs speak of a possibility of reverter always existing. We are not concerned with the refinements of conveyancing and feudal concepts of property, Helvering v. Hallock, supra. True it is that even where the settlor divests himself entirely of all interest, there is always the possibility, remote though it may be, that by extinction or failure of all possible beneficiaries, the property will revert to the settlor or his estate by reason of failure of the trusts.

Certainly this is not the same situation as where the settlor, in the trust instrument, expressly reserves the right to dispose of the property following the occurrence of certain contingencies. This retention of power has been called a "string," Fidelity-Philadelphia Trust Co. v. Rothensies, supra; Lloyd's Estate v. Commissioner, 3 Cir., 141 F.2d 758; but, call it what we may, it is the reservation of a positive power, not passive, and under it, the settlor would possess the power, certain contingencies occurring, of ultimately disposing of her estate in a manner entirely foreign to the ordinary legal devolution under the statutes of descent and distribution. The possibility of the settlor exercising this power ceases only at her death. Where, as here, the power exists until the death of the settlor, any ultimate distribution under the power of appointment follows from a positive act in the exercise of the power retained. As the Supreme Court said in the Stinson Trust case, supra, 65 S.Ct. at page 510: "The ultimate disposition of all the trust property was suspended during the life of the decedent. Only at or after her death was it certain whether the property would be distributed under the power of appointment or as provided in the trust instrument." We think, in the instant case, it is equally true that the remaindermen's interest became absolute and complete only upon the death of the settlor. Should they have predeceased the settlor, the property would have reverted to her to be disposed of as she might by will elect. It is not insignificant that the remaindermen, to whom the settlor supposedly transferred all her rights, were to have no control, either by will, or operation of law, should they predecease the settlor. It appears crystal clear that the settlor wished to exercise control over the property, should she survive the remaindermen. Compare Mr. Justice Stone's dissent in Helvering v. St. Louis Union Trust Co., 296 U.S. 39, 47, 56 S.Ct. 74, 80 L.Ed. 29, 100 A.L.R. 1239.

It has been said that "the true test is whether under the terms of the conveyance full and complete dominion over the property by the transferee in a practical sense is established by the transferor's death." Mullikin et al. v. Magruder, 4 Cir., 149 F.2d 593. Under the terms of the instant trust, it is our view that at the settlor's death, and only then, absolute and complete dominion over the property was acquired by the remaindermen.

Other cases, such as Commissioner v. Irving Trust Co., 2 Cir., 147 F.2d 946, relied on by plaintiffs, are clearly not controlling.

The judgment of the District Court is affirmed.

Affirmed.