**PORTER, Price Adm'r, OPA, v. GOODWIN et al.**

No. 3545.

District Court, W. D. Missouri, W. D.

Nov. 1, 1946.

Dick Bennett, Dist. Enforcement Atty., of New York City, and Eugene F. O'Keefe and Stephen V. Medling, Enforcement Attys., both of Kansas City, Mo., for plaintiff.

Phineas Rosenberg, of Kansas City, Mo., for defendant.

REEVES, District Judge.

The question for decision in this case is whether Paul A. Porter, presently administrator, Office of Price Administration, is entitled to be substituted for Chester Bowles, formerly Price Administrator of said Office of Price Administration.

The suit was filed by Chester Bowles, as administrator, on September 6, 1945. Thereafter he resigned his office, effective February 25, 1946. The resignation was submitted to the President on February 14, 1946, and on February 18, 1946 the President nominated the movant, Paul A. Porter. This nomination was confirmed on February 21, 1946, and the movant was inducted into the Office of Price Administrator on February 26, 1946, having on that date duly taken the oath of office prescribed by law.

On August 23, 1946, the said Paul. A. Porter, through his attorneys, filed his motion for substitutions of parties plaintiff, and in said motion he alleged that he had succeeded Chester Bowles, resigned, as Price Administrator, Office of Price Administration; "that he is now qualified and

950

acting as such Administrator; and that said Paul A. Porter took Oath of Office and was sworn in as such official on the 19th day of March, 1946."

The evidence conclusively discloses that this averment was not true, but, that, in truth and in fact, the said Porter was sworn in as Price Administrator on February 26, 1946.

1. It is provided by Section 780, Title 28 U.S.C.A. that, "Where, during the pendency of an action, suit, or other proceeding brought by * * * an officer of the United States * * * and relating to the present or future discharge of his official duties, such officer * * * resigns * * * it shall be competent for the court wherein the action, suit, or proceeding is pending, whether the court be one of first instance or an appellate tribunal, to permit the cause to be continued and maintained by or against the successor in office of such officer, if within six months after his * * * separation from the office it be satisfactorily shown to the court that there is a substantial need for so continuing and maintaining the cause and obtaining an adjudication of the questions involved."

It will be observed from the above statute that it is necessary for the survival of said cause that "it be satisfactorily shown to the court that there is a substantial need for so continuing and maintaining the cause and obtaining an adjudication of the questions involved," and this must be done within six months after separation from the office by the predecessor of the movant. This does not mean that a motion for substitution, if filed within the six months, is a sufficient compliance with the statute, but it means that it must be satisfactorily shown to the court the need for continuing the cause within the six months period. In this case the motion was filed within the six months period but, under the Federal Rules of Civil Procedure, no action could be taken nor showing made until five days after the filing of said motion. Rule 6(d), 28 U.S.C.A. following section 723c.

There is no pretense that there was a compliance with this statutory requirement. Prior to the enactment of the statute, an action brought under the same circumstances by an officer of the United States abated upon the resignation of such officer. Because of such ruling on the part of the Supreme Court the statute mentioned above was enacted. Murphy v. Utter, 186 U.S. 95, 22 S.Ct. 776, 46 L.Ed. 1070. Since under the law, before the enactment of the statute, actions were abated upon the death of a plaintiff public officer, the statute was remedial in its nature and there must be a strict compliance with its provisions. Martin v. Coe, 65 App.D.C. 349, 83 F.2d 606.

2. The statute above cited is followed and reinforced by the promulgation of a rule by the Supreme Court. Such rule is numbered 25 of the Federal Rules of Civil Procedure, and by paragraph (d) thereof it is provided that: "When an officer of the United States * * * is a party to an action and during its pendency * * * resigns or otherwise ceases to hold office, the action may be continued and maintained by or against his successor, if within 6 months after the successor takes office it is satisfactorily shown to the court that there is a substantial need for so continuing and maintaining it." It will be noted that this rule conforms precisely with the statute, and, in like manner, is mandatory.

3. Heretofore the identical question was presented to my associate, Judge Ridge. On August 30, 1946 Judge Ridge prepared and filed an able and exhaustive opinion, rightly covering the law applicable to motions of this kind. Judge Ridge, however, based his opinion upon the theory that the movant was inducted into office by taking the statutory oath on March 19, 1946, and that therefore the action on the motion on August 28, 1946 was within the six months period. When it was discovered by Judge Ridge that he had been deceived as to the date when the movant was inducted into office, he promptly vacated all of his orders in the case. In view of the facts as hereinbefore stated, and as later found by Judge Ridge, the movant is not entitled to be substituted as plaintiff for the reason that a showing of his right of substitution was not made within the period of six months as prescribed by statute and rule of court. In view of this fact, the mo-

tion of the defendants to abate and dismiss the proceedings should be sustained, and it will be so ordered.