PORTER, Price Administrator, v.
HIRAHARA et al.

SAME v. KOIKE.

Civ. Nos. 760 and 761.

District Court, Hawaii.
Jan. 29, 1947.

David R. Castleman, Jr., of Honolulu, T. H., for plaintiff and for Philip B. Fleming.

Clarence Y. Shimamura, of Honolulu, T. H., for Dan Hirahara.

H. M. Greenstein, of Honolulu, T. H., for William L. Golding.

Richard S. Mirikitani and E. E. Wiles, both of Honolulu, T.H., for S. Koike.

McLAUGHLIN, Judge.

In both of these cases, a motion to substitute, under Federal Rules of Civil Procedure, rule 25(d), 28 U.S.C.A. following section 723c, Philip B. Fleming, Temporary Controls Administrator, for the plaintiff

Paul A. Porter, Price Administrator, Office of Price Administration, has been made. To the granting of the motions objections have been registered in each case. The moving party, the Temporary Controls Administrator, alleges that

(a) Paul A. Porter, the Price Administrator, ceased to hold the office of Price Administrator on December 12, 1946;

(b) That on the same day, by Executive Order 9809 (11 Federal Register, 14,281, dated December 13, 1946), the President created the Office of Temporary Controls, appointed the movant as head thereof, and invested him with functions of the Price Administrator and with authority to continue. and maintain in his name pending civil actions instituted by the Price Administrator;

(c) That there is substantial need for continuing to maintain these actions.

These actions were brought under Section 925(e) of Title 50 U.S.C.A.Appendix, Emergency Price Control Act, as amended; and they were brought by the Price Administrator in behalf of the United States to recover triple damages. The cases involve alleged violations of the price controls upon second-hand lumber. It is conceded that by the action of the President price controls upon this commodity no longer exist but were in effect as of the date of the violations alleged.

The several defendants resist the motion to substitute for these reasons:

(1) There has been no satisfactory showing, under Rule 25(d), that there is a substantial need for so continuing and maintaining these cases;

(2) That the Temporary Controls Administrator is a new officer and not a successor in office, under Rule 25(d);

(3) That the President was limited by the Act of Congress, 50 U.S.C.A.Appendix, § 921(b), to transferring powers and functions of the Price Administrator with respect to a particular commodity to other Governmental agencies or departments having other functions relating to such commodities, and that here, by Executive Order 9809, the President ignored the Congressional mandate, created a new agency, and transferred powers and functions of the Price Administrator to it—and later created an agency which had previously no functions relating to this commodity;

(4) And that the First War Powers Act gave the President no authority to do other than to redistribute functions among existing executive agencies, not to create new agencies to receive distributable functions.

The movant relies basically upon the First War Powers Act, 50 U.S.C.A.Appendix, § 601, as fully supporting Executive Order 9809, referring to what has been done under the First War Powers Act with Congressional approval. For example, reference is made to the creation of the National Housing Authority (Executive Order 9070, 50 U.S.C.A.Appendix, § 601 note, 7 Federal Register, 1529) and the transfer to it of various functions previously held by other agencies, and similarly the War Food Administration (Executive Order 9322, 50 U.S.C.A.Appendix, § 601 note, 8 Federal Register 14783); the Office of War Mobilization (Executive Order 9347, 50 U.S.C.A.Appendix, § 601 note, 8 Federal Register 7207); the Surplus Property Administration (Executive Order 9425, 50 U.S.C.Appendix, § 601 note, 9 Federal Register 2071) and several others. Executive construction of the First War Powers Act, it is said, is entitled to great weight. Billings v. Truesdell, 321 U.S. 542, 552, 553, 64 S.Ct. 737, 88 L.Ed. 917. So, also, it is argued does the fact that Congress appropriated monies for the operation of these new agencies show that Congress approved of the Executive's construction of the First War Powers Act. Isbrandtsen-Moller Co., Inc., v. United States, 300 U.S. 139, 57 S.Ct. 407, 81 L.Ed. 562; Tyne Co. v. National Labor Relations Board, 7 Cir., 125 F.2d 832, 836; and Brooks v. Dewar, 313 U.S. 354, 61 S.Ct. 979, 85 L.Ed. 1399. Reliance is had specifically upon a decision of the Emergency Court of Appeals in California Lima Bean Growers Association v. Bowles, 150 F.2d 964, as standing for the proposition that the First War Powers Act gave the President power to transfer functions from one agency to another, whether

those functions existed before or after the passage of the First War Powers Act.

With regard to Rule 25(d), movant states that since these actions were instituted in good faith, and there being no reason why these alleged violators should escape the penalty if what they did was unlawful when they did it, Rule 25(d) is satisfied. Bowles v. American Packing & Provision Co., 10 Cir., 145 F.2d 469, is cited as an instance where without opinion the Circuit Court mandated the lower Court to allow Mr. Bowles, successor to Mr. Brown, as Price Administrator to be substituted as the party plaintiff without any showing of a substantial need for continuing the action. Reliance is also had upon Section 901(b) of Title 50 U.S.C.A. Appendix, Emergency Price Control Act, providing that upon termination of the Act as to rights and liabilities incurred prior to termination, the Act and regulations shall be treated as in effect for the purpose of sustaining any proper suit with respect to any such right or liability.

In my opinion the objections to the pending motions to substitute the Temporary Controls Administrator for the former Price Administrator are well taken. In each case, therefore, the motion is denied.

The plaintiff's argument as to the prospective operations of the powers conferred upon the President by Section 601 of Title 50 U.S.C.A. Appendix, First War Powers Act, is sound and would be controlling here except for a specific provision of the Emergency Price Control Act itself.

By Section 921(b) of Title 50 U.S.C.A. Appendix, Congress in the Emergency Price Control Act gave the President authority to transfer powers and functions of the Price Administrator to—and only to —other Government departments or agencies having other functions relating to such commodity.

■ Here the Temporary Controls Administration has no function or functions relating to lumber, either new or used, nor has it ever had such, for it is an entirely newly-created agency designed to ease the shock of transition from a controlled to a free economy. In my opinion this specific limitation in the Emergency Price Control Act destroys what otherwise would be an effective argument for a contrary holding based upon the President's wide redistribution powers under the First War Powers Act. To the same general effect is the holding of District Judge McColloch, in Porter v. Ryan, D.C., 69 F.Supp. 446, wherein the Court denied a motion to substitute the Temporary Controls Administrator for the Price Administrator in these words:

"This is a rent case and I am unable to understand how the President can bypass the Senate under a clause of the Price Control Act which reads: '* * * The President is authorized to transfer any of the powers and functions conferred by this Act upon the Office of Price Administration with respect to a particular commodity or commodities to any other department or agency of the Government having other functions relating to such commodity or commodities. * * *' Section 201(b)." The holding in that case was that the Temporary Controls Administrator may not be substituted for the Price Administrator as a party plaintiff, in a rent control suit, in the absence of Senate confirmation of his appointment as successor to functions of the Office of Price Administration. Porter v. Goodwin, D.C. W.D.M., 68 F.Supp. 949, a case similar to this, wherein a motion to substitute was denied, the holding of the court being that the successor Price Administrator's failure within six months after his predecessor's resignation to show to the court need for continuing pending OPA suit filed by predecessor bars substitution of successor Administrator as party plaintiff and abates proceeding.

I think a complete reading of this opinion will be worthwhile. The predecessor Administrator resigned on February 25, 1946. The motion for substitution of parties was made on August 23, 1946.

"It is provided by Section 780, 28 U.S. C.A. that 'Where, during the pendency of an action, * * * brought by * * * an officer of the United States * * *

and relating to the present or future discharge of his official duties, such officer \* \* \* resigns \* \* \* it shall be competent for the court wherein the action, \* \* \* is pending, \* \* \* to permit the cause to be continued and maintained by or against the successor in office of such officer, if within six months after his \* \* \* separation from the office it be satisfactorily shown to the court that there is a substantial need for so continuing and maintaining the cause and obtaining an adjudication of the questions involved.'

"[The statute] does not mean that a motion for substitution, if filed within the six months, is a sufficient compliance \* \* \*, but it means that it must be satisfactorily shown to the court the need for continuing the cause within the six months period. In this case the motion was filed within the six months period but, under the Federal Rules of Civil Procedure, no action could be taken nor showing made until five days after the filing of said motion. (Rule 6(l)) 28 U.S.C.A. following section 723c.

"There is no pretense that there was a compliance with this statutory requirement. Prior to the enactment of the statute, an action brought under the same circumstances by an officer of the United States abated upon the resignation of such officer. Because of such ruling on the part of the Supreme Court the statute mentioned above was enacted. \* \* \* Since under the law, before the enactment of the statute, actions were abated upon the death of a plaintiff public officer, the statute was remedial in its nature and there must be a strict compliance with its provisions.

"The statute \* \* \* is followed and reinforced by \* \* \* Rule 25 of the Federal Rules of Civil Procedure, \* \* \* [which] conforms precisely with the statute, and, in like manner, is mandatory." 68 F.Supp. 950.

■ Additionally, the plaintiff has not fulfilled the requirement of Rule 25(d). Indeed, it is doubtful if he could, since he is not a successor in office to the Price Administrator but an officer of a new agency. See Rule 25(d) and 28 U.S.C.A. § 780. Upon this ground, Bowles v. American Packing & Provision Co., 10 Cir., 145 F.2d 469, is distinguishable, for there Bowles did succeed in office Price Administrator Brown, and—it may also be noted—the fact that the OPA was then very much alive may be a reason for the decision granting, without reasons, the motion to substitute.

■ But in any event, here there has been no showing, satisfactory or otherwise, of a substantial need for continuing and maintaining these cases. There is no question but what they were brought in good faith by the Price Administrator; but Rule 25(d) requires more, for it speaks as of the time the action has abated. Plaintiff's reference to Section 901(b), Title 50 U.S.C.A.Appendix, the provision dealing with the effective termination of the Act, is not helpful for the Act has not been terminated by either the President or Congress as yet. All that has happened is that all price controls have been lifted upon all commodities except rice, sugar and rent. And we are moving, indeed have moved, from a rigidly controlled economy to a comparatively free economy. Were these criminal cases, plaintiff's argument that alleged violators should not be allowed to escape simply because since filing the controls have been lifted would, it seems to me, carry more weight. Here, in civil actions, penalties are sought to be recovered by the Temporary Controls Administrator in place of the Price Administrator, who in turn sued under the statute upon the right of the alleged overcharged purchaser, the purchaser having failed to use his right to sue. It seems to me in such circumstances this penalty provision of the law should be strictly construed—especially where in Civil 761 affidavits of good faith have been filed—and Section 925(e) grants to the Court, upon proof of violation, some discretion as to the amount of the penalty.

And so it is, that not only has plaintiff failed to make the showing required by Rule 25(d) but also it is doubtful whether or not such could be made now, for by the lifting of controls upon all commodities save rent, sugar and rice, the objectives of the OPA described in Section 901(a) of Title 50 U.S.C.A.Appendix, have been

largely abandoned, and at least as to the price of lumber a free market has been restored.

An Order denying the motions to substitute and dismissing the actions, consistent with this opinion, will, in each case, be signed upon presentation.