## BOWLES v. KENT COUNTY MOTOR CO.
### Civ. A. No. 717733.

District Court, D. Delaware.
March 12, 1947.

Harold Cohen, Regional Enforcement Executive, Office of Price Administration, of New York City, Hugo A. Ricciuti, Atty. in Charge, Office of Price Administration, of Baltimore, Md., and J. Grahame Walker, Enforcement Atty., Office of Price Administration, of Washington, D. C., for plaintiff.

William S. Potter, James L. Latchum and Southerland, Berl & Potter, all of Wilmington, Del., for defendant.

RODNEY, District Judge.

This is an application under Rule 25 (d) of the Rules of Civil Procedure, 28 U.S.C. A. following section 723c, for the substitution of Paul A. Porter, Administrator of the Office of Price Administration, and as plaintiff herein in lieu of Chester Bowles, former Administrator.

The application is for the substitution nunc pro tunc as of the time it should have been made while Paul A. Porter remained as Administrator and is a step in the further substitution of Philip B. Fleming in lieu of Paul A. Porter. This latter matter is separately considered.

The present application grows out of the following facts. In September, 1945 Bowles as Administrator brought these actions. On February 14, 1946 Bowles resigned as Administrator, the resignation to become effective February 25, 1946. On February 18, 1946 the President appointed Paul A. Porter as succeeding Administrator, which appointment was confirmed February 21, 1946. On February 26, 1946 Porter assumed the duties of the office and from this date the six months' period allowed for substitution commenced to run and essentially terminated August 26, 1946. On July 24, 1946, and well within the time prescribed for the substitution, a written motion was filed for the substitution of Porter for Bowles, together with similar motions in many other cases. On July 25, 1946 the defendant filed written objection to the granting of the motion for substitution and the motions were not acted on when similar motions were approved. On July 31, 1946 the objections to the substitution were withdrawn and the substitution was then in a situation to be granted. These two motions for substitution were then overlooked and no formal order of substitution was signed.

The defendant contends no order can be made because it was the duty of the petitioner to show, within the six months' period, "substantial need for so continuing and maintaining" the suit and for this is cited Porter v. Goodwin, D. C., 68 F.Supp. 949. There the court quoted the provisions of Sec. 780, Title 28 U.S.C.A., and the very similar provisions of Rule 25 (d), that substitution could be made, "* * * if within six months after his * * * separation from the office it be satisfactorily shown to the court that there is a substantial need for so continuing and maintaining the cause and obtaining an adjudication of the questions involved."

In the cited case the motion for substitution was filed three days before the expiration of the six months' period. The court thought that under Rule 6 (d) no action on the motion could be taken nor showing made of the substantial need for maintaining the cause until five days after the filing of the motion, impliedly holding that Rule 6 (d) cuts down by five days the six months' period for making the substitution. In any event, that court seems to have held that there must be shown to the court, within the six months' period, some affirmative and satisfactory evidence of substantial need for continuing and maintaining the cause.

With due deference to that court, I am of the opinion that Rule 6 (d) does not have the effect of cutting down the six months' period allowed by the Statute and Rule 25 (d) for the making of the motion for substitution. I am also of the opinion

that the extent of the showing of reason for the substitution and continued maintenance of the action depends upon the requirement of the individual judge. No plaintiff can insist upon an extended hearing of the reasons for substitution. The court judicially knows of the existence of the pending case and the necessity for its disposition; he knows that without the substitution no proper disposition can be made. He may require such showing of the reasons for continued maintenance of the case as he considers necessary, but in the absence of his requirement the plaintiff cannot insist upon showing further reasons for substitution and is under no obligation so to do. In this jurisdiction it is not unusual to sign orders for substitution upon a showing of the removal of the plaintiff officer and without a further showing of the necessity of the continued maintenance of the action.

In the present case, except for the objection filed by the defendant, there is no reason to believe that the motions for substitution would not have been signed together with the other similar motions. The order granting the motion for substitution could and should have been signed on or after July 31, 1946. A signing of the order nunc pro tunc, as of that date, means that that thing is now done which should have been then done and would have been done except that no formal order was presented for signature.

The motion for substitution of Paul A. Porter for Chester Bowles nunc pro tunc will be granted.