**FLEMING, Price Administrator, v. GINSBERG.**

**Civil Action No. 2407.**

District Court, N. D. Texas, Dallas Division.

April 3, 1947.

A. A. White, Milton G. Mell and Paul G. Peurifoy, all of Dallas, Tex., for plaintiff.

Henry Klepak, of Dallas, Tex., for defendant.

ATWELL, District Judge.

On March 5, 1947, this suit was filed, alleging that between March 6, 1946, and August 30, 1946, exclusive of July, 1946, the defendant made sales and deliveries of four hundred and sixty-two ladies' garments covered by the regulations of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., wherein total overcharges amounted to $614, and he sues for treble that amount. He pleads the jurisdiction in this court as conferred by Sec. 4(a) and Sec. 205(e) thereof. And that he, as Administrator of the Office of Temporary Controls, under the authority of Executive Order No. 9809, 50 U.S.C.A.Appendix, § 601 note, issued by the President on December 12, 1946, was vested with all the functions of the Price Administrator.

The defendant challenges the alleged jurisdictional ground. He says that the plaintiff is not an officer of the Office of Price Administration; that the Administrator of Office of Price Administration required confirmation by the United States Senate, and that the plaintiff was never confirmed by the Senate for the position which he now holds. That prior to the time of the institution of this suit, the sort of ladies' and children's garments which it is alleged he had sold, at the time alleged, had been decontrolled and that no such "like commodity" had been ordered, under the Executive Order pleaded, to be enforced by the plaintiff, nor did any such right of action which existed before the appointment of plaintiff, by reason of the failures just above exposed, survive, or pass to the plaintiff.

This court has passed upon this matter in Fleming v. Taylor et al., 70 F.Supp. 222, which was a suit growing out of a similar decontrolled lumber situation.

Since the Fleming v. Taylor decision, the Circuit Court of Appeals for this circuit, upon a case not directly in point, Porter v. Maule, 5 Cir., 160 F.2d 1, likewise not yet reported, indicated that suits of this nature were by persons who were merely holding agents for the passing of the fruit of the litigation to the government.

On January 25, 1947, in Williams v. United States, D.C., 69 F.Supp. 447, there was a holding substantially the same as this court's holding in Fleming v. Taylor et al., and also a similar holding in Porter v. Hirahara, D. C., 69 F.Supp. 441, and Porter v. Ryan, D. C., 69 F.Supp. 446.

Basically, it must be remembered that all of the powers asserted against the citizens' liberty rights in these War Powers Acts, both the First and Second, 50 U.S.C.A.Appendix, §§ 601 et seq., 631 et seq., were for the success of the war then imminent and in progress. Certain defense areas were authorized and the hand of regulation showed in practically all where workers in plants engaged in the manufacture of war impedimenta. That emergency situation has passed. The war is over. The factories are closed. The workers are gone. In the Dallas area there were some of the largest concerns in the nation. Great armadas were manufactured and sent into the skies. Vast cargoes of bombs were manufactured and many other activities which justified the designation of the area as properly defensive and called for the protection of the workers therein against practices which might make them either unhappy, or, discontented, because of either housing, or, food, clothing, or gasoline profiteering.

The right of the plaintiff to enter a national court for the recovery of property is one that may be inspected by the citizen sued, as well as by the court. It is not a novel procedure. It is a well marked defense measure. It is often decisive of the issue. The answer that the plaintiff is merely a faucet, or conduit, or holder for someone else, is not thought to be a conclusive defense against such questioning, because the questioner may proceed in his effort to discover by what authority the plaintiff has become such a conduit, or, holder.

Authorities will be easily recalled growing out of the collection of income taxes by

suit, revenue taxes, suit by women under coverture, suits by next friend, by receivers, and so on without further tiresome enumeration.

That is what is being done here. The details, tiresomely given, no doubt, in Fleming v. Taylor et al. by this court in that case, supra, need not again be gone over.

The march of events, as well as the parade of authorizations by the Congress for the carrying over of decontrolled right of actions as were permitted by the Congress, must be respected. We are returning slowly, it may be granted, to the normal freedoms for the confirmation of which Constitution and the written laws in conformity with that Constitution were made. They were made that we might continue a nation of written laws rather than of men.

The point decided is that the War Powers Acts vested in the President the right to appoint, and the right to construct a bureau and place over it an Administrator, all of which was to be known as the O.P.A. Such Administrator was to be confirmed by the Senate. His jurisdiction extended to articles of food and clothing and the sales of such articles as were enumerated.

When the war ended, so far as the need for such emergency activity was concerned, certain of such articles were from time to time decontrolled. The Administrator, by certain Congressional legislation, Executive Order No. 9809, ceased to exist. While he was still in authority, he was given, by a saving statute, the right to continue to prosecute civil and criminal actions which had arisen upon an article subsequently decontrolled. When his term was over, such of the articles as had not been decontrolled were, by Congressional Act, passed to the Administrator of the Consolidated controls, provided that executive appointee, who was not confirmed by the Senate, was administering upon like articles. Thus, it is quite plain that the Administrator under the Consolidation Act is and was not the same as the O.P.A. This position still leaves sugar and rents and a few others

within his jurisdiction, but not garments such as are alleged to occasion this suit.

The motion to dismiss is sustained.*

---

*On April 28, 1947, since this opinion was rendered, the Supreme Court, in Fleming v. Mohawk Wrecking & Lumber Co. and Raley v. Fleming, 67 S.Ct. 1129, has passed upon the questions treated in the above opinion and has ruled in favor of the authority of the Temporary Controls Administrator.