**UNITED STATES v. KOIKE.**

No. 11575.

Circuit Court of Appeals, Ninth Circuit.

Oct. 31, 1947.

Ray J. O'Brien, U. S. Atty., and Maurice Sapienza, Asst. U. S. Atty., both of Honolulu, T. H., and Reynold Colvin, Asst. U. S. Atty., of San Francisco, Cal., for appellant.

Clarence Y. Shimamura, of Honolulu, T. H., for appellee.

Before DENMAN, BONE, and ORR, Circuit Judges.

DENMAN, Circuit Judge.

This case is before us on appeal from an order dismissing an action brought under § 205(e) of the Emergency Price Control Act, as amended, 50 U.S.C.A.Appendix, § 925(e), to recover treble damages for violation of maximum price regulations on lumber.

The action was instituted in the district court of Hawaii by Paul Porter, Price Administrator, as plaintiff. Some time after the date of the alleged violations, price controls over lumber were lifted, and Porter ceased to hold office as Price Administrator.

On December 12, 1946 the President, exercising the authority conferred upon him by the First War Powers Act, 50 U.S.C.A. Appendix, § 601 et seq., issued Executive Order 9809, by which he purported to transfer the functions of the Price Administrator to the administrator of a newly created

Office of Temporary Controls. Philip Fleming, as Temporary Controls Administrator, promptly moved the district court to substitute him as plaintiff under Rule 25(d), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The district court, however, was of the opinion that because of the limitations in § 201(b) of the Price Control Act, 50 U.S.C.A.Appendix, § 921(b), the President had no authority under the First War Powers Act to transfer the function of maintaining such actions to Fleming. That court was also of the opinion that Fleming was not a successor of Porter, as required by Rule 25(d), and that no showing of a substantial need for continuing and maintaining the action had been made. The motion accordingly was denied, 69 F.Supp. 441, and the action was dismissed without having been brought to trial.

On June 1, 1947, while this appeal was pending, the Office of Temporary Controls was terminated by virtue of Executive Order 9841, 50 U.S.C.A.Appendix, § 601 note, and the functions which had been vested in the Temporary Controls Administrator were distributed among other departments and agencies. Executive Order 9842, 50 U.S.C.A.Appendix, § 925 note, which became effective on that date, provided:

"The Attorney General is authorized and directed, in the name of the United States or otherwise as permitted by law, to coordinate, conduct, maintain or defend: * * *

"(b) Litigation against violators of regulations, schedules or orders relating to maximum prices pertaining to any commodity which has been removed from price control; * * *

"The functions and duties of the Attorney General under this order shall be performed by him or, subject to his direction and control, by such officers or agencies of the Department of Justice as he may designate * * *."

The United States Attorney for the District of Hawaii, as attorney for appellant, has now submitted to this court a motion "on behalf of the United States" for summary reversal of the decision of the district court and for substitution of the United States as party plaintiff.

The first question before us is whether it was error for the district court to dismiss. Since the dismissal was entered, the Supreme Court has passed upon a substantially similar situation in Fleming v. Mohawk Wrecking & Lumber Co., 331 U.S. 111, 67 S.Ct. 1129, 1133. In that case the court held that Fleming was a successor in office of Porter, and might properly be substituted for him as a party under Rule 25. It was also held that § 201(b) of the Price Control Act, upon which the district court relied in the case before us, "in no way" restricted the authority of the President under the First War Powers Act to transfer Porter's general enforcement functions to Fleming.

It is contended, however, that the Mohawk case recognizes the necessity of showing a substantial need for continuing and maintaining an action before substitution may be had under Rule 25, and that no such showing has been made in the instant case. We do not agree. The complaint is accompanied by a bill of particulars, setting forth in detail the transactions which are alleged to have violated the Price Control Act. "Congress has explicitly provided that accrued rights and liabilities under the Emergency Price Control Act are preserved whether or not suit is started prior to the termination date of the Act." Fleming v. Mohawk, supra. Unless this action is allowed to proceed, "such rights as may exist" will be defeated, "contrary to the policy of the Act." This in itself is sufficient to establish a need for its continuing. Porter v. American Nat. Bank & Trust Co. of Chicago, 7 Cir., 161 F.2d 504.

The second question before us is whether we should now permit the substitution of the United States as plaintiff. It must be observed that this is a different matter than that of substituting a "successor in office" under Rule 25(d) and 28 U.S.C.A. § 780. Whether or not the Attorney General has become a successor in office by virtue of Executive Order 9842, entitled to substitution as such, we need not now decide. Cf. United States ex rel. Ordmann v. Cum-

mings, United States Attorney General, 66 App.D.C. 107, 85 F.2d 273, 275.

In the view we take, the substitution of the United States is not technically a matter of making a new party at all. The action here was commenced by Porter under § 205(e) of the act, which provides that "The Administrator may institute such action on behalf of the United States." Porter was, therefore, no more than a nominal plaintiff; and Fleming, who should have been substituted as Porter's successor, would have been in no different position. The United States, on behalf of which the action was brought, was the real plaintiff. Bowles v. Goldman, D.C., 7 F.R.D. 12, 17. Whether the action is maintained by an official authorized to sue on its behalf, or by the United States in its own name, the real plaintiff remains the same.

If the substitution of the United States is permitted here, the defendant will in no way be prejudiced. The cause of action against him remains the same, and judgment will bar further suits. Sunshine Coal Co. v. Adkins, 310 U.S. 381, 402, 60 S.Ct. 907, 84 L.Ed. 123. If substitution is not permitted, however, the result would be to require the United States to proceed in the name of an authorized representative rather than in its own name. The violations set forth in the complaint are alleged to have occurred on or before October 20, 1946, and the time for commencing a new action has now expired. Bowles v. American Distilling Co., D.C., 62 F.Supp. 20, 22.

Under these circumstances, we believe that the motion for substitution should be granted. The federal courts have broad powers to amend pleadings in matters of form at any stage of the case. 28 U.S.C.A. § 777; Rule 15, Federal Rules of Civil Procedure. This power is liberally construed to the end that the courts may be free of technical rules of procedure which delay the determination of causes on their merits. It is within the scope of this power to permit the substitution of a party for whose benefit an action was brought in place of the nominal plaintiff. This has been done both where the nominal plaintiff was found to lack authority to sue, and where the statute of limitations would have barred the commencement of a new action by the real plaintiff. McDonald v. Nebraska, 8 Cir., 101 F. 171. A fortiori it may be done here, where the nominal plaintiff originally had authority to sue, but was later deprived of it.

The motion for a summary reversal and for substitution of the United States as party plaintiff is granted and the case is remanded for further proceedings.