THE SWITZERLAND.

UEBERWEG v. LA COMPAGNIE GENERALE TRANSATLANTIQUE.

(Circuit Court, E. D. New York. May 2 and 14, 1895.)

1. COLLISION—INTEREST ON DAMAGES.
    Interest on the amount of bills paid for repairing damages caused by collision will not be allowed to the libelant from the date of expenditure, where he has introduced, on appeal, new evidence which materially changed the case as presented below; but such interest may begin from the date of filing the mandate from the appellate court.

2. SAME—DAMAGES—SURVEYORS' CHARGES.
    Fees of surveyors employed by the Belgian consul, as required by the Belgian law, to ascertain the damages occasioned to a Belgian vessel by collision, and make report to the insurance companies whether necessary repairs have been made, in order to reinsure the vessel in her proper class, constitute a proper item of damages. The Belgenland, 36 Fed. 504, and The Alaska, 44 Fed. 500, followed.

3. SAME—DOCKAGE.
    Dry dockage rendered necessary for the purpose of making repairs is a proper item of damages.

4. SAME—NEW SAILS.
    The cost of new sails, purchased to replace sails which were used temporarily for stopping leaks caused by collision, is a proper item of damages, in the absence of proof that the old sails could have been repaired.

5. SAME—WAGES OF CREW.
    The wages of the crew, during the time the vessel is detained in a foreign port in consequence of a collision, is a proper item of damages.

Libels filed in the district court for the Eastern district of New York by the owners of the steamships Switzerland and La Gascogne, respectively, for damages caused by a collision between the two vessels. The district court sustained the libel of La Gascogne, from which no appeal was taken, but proceedings suspended; and the libel of the Switzerland was dismissed, with costs. 38 Fed. 853. From the final decree in this case an appeal was taken to the circuit court, and the decree affirmed pro forma. Libelant appealed to the circuit court of appeals for the Second circuit, and the decree was reversed. 9 C. C. A. 75, 60 Fed. 461. Additional proofs had been taken in the circuit court before the decision there. On the mandate of the circuit court of appeals, a reference was ordered in the circuit court to ascertain the damages sustained by the libelant. The commissioner reported the amount of damages sustained by the Switzerland at $22,928.02, with interest from the

dates of payment to the date of his report, amounting to $9,623.05.
The report says:

"Many items of damages are not disputed. The amounts of the bills
presented for dockage, painting, new sails, and stevedoring bills were ob-
jected to, and also the items of charge for surveys, for wages paid the crew,
and for wharfage, and all items of interest on the sums allowed. The
Switzerland was not on the dock any more days than was required to repair
the damages caused by the collision. That the painting was done at the same
time does not call for a pro rata deduction from the sum paid for dockage,
and the whole is allowed. The amount charged for painting is conceded to
be an estimate of what part of the whole bill paid was made necessary by
the collision. There are two bills, with different estimates. I think the
smaller bill is more accurately divided; and, applying its ratio to the other
bill, $50 has been deducted. There is no evidence that the sails used to stop
temporarily the leaks in the bows could have been repaired; and, in com-
puting damages in collision cases, it is not usual to make any deduction be-
cause of the replacing of old material with new. This item is allowed. The
unloading of cargo, to get the steamship in trim to enter the dry dock, was
begun Saturday afternoon, and carried on continuously night and day, till
Monday. If even $100 extra work had been saved by ordering the stevedore
to wait till Monday morning, other items of damage that are allowed would
have been increased; and the evidence does not convince me that the time
employed or the wages was too much. The charge for wharfage is disal-
lowed. It was not an item of actual expense, but appears to be a bookkeeping
item of the accounts kept by the steamship company with their own vessels.
The charge for survey bills is disallowed. While the cost of a survey to ascer-
tain the injuries done and the repairs required is usually allowed, the fees
of the surveyors employed to ascertain the damages and make report to the
insurance companies whether necessary repairs have been made in order to
reinsure the vessel in her proper class were disallowed by the court in the
case of The Italy, in this district, in July, 1884. That ruling has been fol-
lowed since. In the case of Ciampa v. The F. W. Vosburgh, 41 Fed. 57, de-
cided in 1890,—after the case of the Belgenland, 36 Fed. 504,—exceptions to
the disallowance of this item were again overruled; and the case was af-
firmed on appeal taken (on other grounds) to the circuit court and the circuit
court of appeals successively. 1 C. C. A. 508, 50 Fed. 239. In the present
case the steamship was a Belgian vessel, and it is claimed that the law of
Belgium requires the consul to appoint surveyors in all cases of collision or
general average, and compels the procurement of a consular certificate on
their reports, and the three surveyors were so appointed by the consul. But
aside from the questions what the law is, and whether the law is proved,
or whether, if proved, the fees of the surveyors are proper items of damage
to be assessed against the claimant, there is no evidence whereby to separate
their fees as such surveyors from their fees as insurance inspectors, which
under the present practice must be disallowed. The charge of insurance in-
spection of the cargo is also disallowed. The wages of the crew during the
time the ship was detained are allowed. They were shipped for the voyage
in Antwerp, and could not properly be discharged in a foreign port. There
is no demurrage, as such, asked, for detention of the Switzerland. The usual
practice in this district is to allow interest on the amount of bills paid in
repair of damages and allowed; and while it is well settled that the allow-
ance of interest is in the discretion of the court, in admiralty cases, I do not
think it the province of the commissioner to withhold it, without special in-
struction from the court."

Exceptions were filed by the libelant to the disallowance of the
charge for wharfage, and the disallowance of the fees paid insur-
ance inspectors for surveying. The respondent excepted to the
report as to the items for painting, sails, dry dockage, stevedore's
bill, and wages of the crew, and also to the allowance of any in-
terest on the items of damage. Respondent's exception to the al-

lowance of interest was sustained, and all the others overruled. Libelant's exception to the disallowance of the charges for surveys was sustained and the other exceptions overruled. The ruling of the circuit judge on the exceptions is as follows:

"(1) The exception as to the allowance of interest is sustained, on the authority of The Isaac Newton, 1 Abb. Adm. 588, Fed. Cas. No. 7,090, mainly because of the circumstance that the new evidence introduced on appeal materially changed the case from that presented to the district court. (2) The exception to the disallowance of surveyor's charges ($350) is sustained. The rule laid down in The Alaska, 44 Fed. 500, and The Belgenland, 36 Fed. 507, seems the fairer one. (3) The exception to the disallowance of wharfage charge ($350) is overruled. (4) The exception to refusal of the master to credit respondent with $619.25 for two days' dry dockage is overruled. (5) The exception to the allowance of the bill for new sails is overruled. (6) The exception to the allowance for painting ($441.92) is overruled. (7) The exception to the refusal to allow a deduction of $202.05 on the stevedore's bill is overruled. (8) The exception to allowance of wages of crew is overruled."

Before the entry of a final decree in the circuit court on the decision as to the exceptions, application was made by the proctor for libelant for a direction to fix the date of the circuit court of appeals as the date from which interest should run in favor of the libelant in the final decree in this court; and, after hearing, the following decision was rendered.

Robinson, Biddle & Ward and Charles M. Hough, for libelant.
Jones & Govin and Edward K. Jones, for respondent.

LACOMBE, Circuit Judge (after stating the facts). If the libelant had prevailed in the district court, he would have been allowed interest from the date of expenditure, not from the date of master's report, and that, too, although he might have claimed more than the master gave him, or the master might have allowed some items which the court subsequently rejected. For reasons before stated, he cannot recover interest, when his failure to produce all available proof in the district court postponed his recovery. But that consideration ceases to be controlling when the proof is made complete and the case decided. Interest should run from the date of filing the mandate, May 21, 1894.