KEYSTONE TELEPHONE CO. v. UNITED STATES.

No. 16636.

District Court, E. D. New York.

Jan. 21, 1943.

Burlingham, Veeder, Clark & Hupper, of New York City, for libellant.

Haight, Griffin, Deming & Gardner, of New York City, for respondent.

MOSCOWITZ, District Judge.

The libellant, Keystone Telephone Company, seeks to amend the libel under Rule 23 of the Supreme Court Admiralty Rules, 28 U.S.C.A. following section 723, by striking out the name Keystone Telephone Company from the title and substituting therefor the name Eastern Telephone & Telegraph Company.

The action is one to recover for damages sustained by certain submarine telephone cables damaged by the anchor of the vessel Cavalcade, owned by the respondent. It is alleged that through error and mistake the libel alleged that the owner of the cables was Keystone Telephone Company whereas it was the Eastern Telephone & Telegraph Company, which is a wholly owned subsidiary of the Keystone Telephone Company.

Respondent opposes the application on the following grounds set forth in its memorandum:

"I. In a suit brought under the Suits in Admiralty Act (46 U.S.C.A. Secs. 741–752) where the libel contains an election to 'proceed in accordance with the principles of libels in rem' the libel may not be amended by striking out the named libelant and substituting another where one of the necessary jurisdictional elements is lacking at the time that the amendment is sought to be made in that the vessel charged with liability is not shown to be within the district where the cause is pending nor even within the United States."

"II. In a suit brought under the suits in Admiralty Act, proceeding in accordance with the principles of a libel in personam, the libel may not be amended by striking out the named libelant and substituting another unless the libelant resides or has its principal place of business in the district in which the suit is pending, or unless the vessel charged with liability is within that district. Neither of these conditions exist in the present instance."

The amendment sought is not of substance but merely of form. No harm can come to the respondent by the amendment. There is not jurisdictional question involved and the objection of the respondent does not go to the merits.

Section 743 of the Suits in Admiralty Act of March 9, 1920, 46 U.S.C.A. is as follows: "Such suits shall proceed and shall be heard and determined according to the principles of law and to the rules of practice obtaining in like cases between private parties. * * * If the libelant so elects in his libel, the suit may proceed in accordance with the principles of libels in rem wherever it shall appear that had the vessel or cargo been privately owned and possessed a libel in rem might have been maintained. Election so to proceed shall not preclude the libelant in any proper case from seeking relief in personam in the same suit."

There is no difference between a suit in rem under Section 743 and a suit in rem independent of the statute.

Respondent cites Illinois Surety Co. v. United States, to Use of Peeler, et al., 240 U.S. 214, 36 S.Ct. 321, 60 L.Ed. 609. There are two points against that case which make it inapplicable here. In the first place it was an action at common law, secondly, the period of one year, which was the statutory period in which the suit could be brought, had expired. In the case at bar there is a two-year period which has not expired.

Rule 23 of the Supreme Court Admiralty Rules is very generous in permitting the amendment of libels in matters of

form. A motion therefor can be made at any time. Under this provision new counts may be filed and amendments in matters of substance may be made at any time before the final decree. At the best all that is present in this case is a misnomer of the real libelant; this may be disposed of by amendment. See The Beaconsfield, 158 U.S. 303, 15 S.Ct. 860, 39 L.Ed. 993; The William F. McRae, D.C., 23 F. 557; The Lydia, 2 Cir., 1 F.2d 18; Silveryew-Arminda, 1931 A.M.C. 1656; The Ada M., D.C.S.D.N.Y., 20 F. 331, 1937 A.M.C. 842; also Weldon v. United States, 1 Cir., 65 F.2d 748, 1933 A.M.C. 1311; The Cerea, D.C., 149 F. 924.

Perhaps there was a time when some Judges in rendering decisions considered the failure to dot i's and cross t's as insurmountable barriers and denied the amendments of complaints and libels wherein the names were misspelled or other harmless errors were present but, fortunately, that time has passed and should become a part of forgotten history. The purpose of the Courts is to administer moral justice under the law. The amendment should be allowed.

Motion granted. Settle order on notice.