## NATIONAL MARITIME UNION OF AMERICA et al. v. CURRAN et al.

United States District Court
S. D. New York.
Nov. 29, 1949.

Timothy J. Healy, New York City, attorney for plaintiffs.

Herman E. Cooper, New York City, attorney for defendants.

IRVING R. KAUFMAN, District Judge.

The Court has before it three motions:

(1) A motion for a temporary injunction restraining the defendants from interfering with the activities, duties or functions of the plaintiffs.

(2) A motion by the defendants to dismiss the complaint for want of jurisdiction over the parties and the subject matter of the dispute.

(3) A motion made orally by the plaintiffs at the argument to amend the complaint by adding five parties plaintiff, dropping the original eleven parties, and amending the allegations of the original complaint to some extent.

Plaintiffs allege in their original complaint as follows: That they are duly elected officials of the National Maritime Union of America; that plaintiff Drummond was elected as Port Agent of the Port of New York Branch of the Union, and the other plaintiffs were elected as Patrolmen of the New York Branch of the Union; that on the 14th day of November, 1949, defendants purported to remove the plaintiff Drummond from his office, and on the 15th day of November, attempted to remove the other plaintiffs, in violation of the Constitution of the Union; that plaintiffs have exhausted all their remedies within the Union, and that their purported removal from office will result in irreparable loss both to the plaintiffs and to the membership of the Union in that they are being deprived of their salaries, and the membership is being deprived of the services of their elected representatives. Plaintiffs filed their complaint on November 16, 1949, requesting that defendants be permanently enjoined from removing or attempting to remove plaintiffs from office and from circulating false statements that plaintiffs have resigned from their respective offices.

An order to show cause was signed on November 17, 1949, which, as modified on November 18, restrained the defendants from stating falsely that plaintiff Drummond has resigned as Port Agent of the Port of New York, and from disbursing the funds of the New York Branch of the Maritime Union, and ordered the defendants to show cause on November 22, 1949 why an injunction pendente lite should not be granted restraining the defendants from interfering with the activities, duties or functions of the plaintiffs.

The defendants countered with a motion to dismiss the complaint because of lack of jurisdiction since no diversity of citizenship between all the parties plaintiff and defendant was shown. At the conclusion of the argument on this latter motion on November 22nd, plaintiffs' at-

torney verbally moved to amend the complaint by adding new parties with diverse citizenship and dropping the original parties who did not have diverse citizenship and requested that the action be regarded as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C.A., in order that jurisdiction might be conferred upon this Court.

■ The motion which should be considered first by this Court is the plaintiffs' oral motion to amend in order to confer jurisdiction; for if it is not granted, then the motion for a temporary injunction must fall and the complaint must be dismissed, since plaintiffs have not shown on their original complaint diversity of citizenship as between each proper, necessary or indispensable party on one side of the controversy, and each proper, necessary or indispensable party on the other side. Genovese v. Skol Co., D.C. S.D.N.Y. 1945, 73 F.Supp. 423; City of Indianapolis v. Chase National Bank, 1941, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47. This is so even if the action is considered to be a class suit under Rule 23. Steele v. Guaranty Trust Co. of New York, 2 Cir., 1947, 164 F.2d 387, certiorari denied 1948, 333 U.S. 843, 68 S.Ct. 661, 92 L.Ed. 1127; Boesenberg v. Chicago Title & Trust Co., 7 Cir., 1942, 128 F.2d 245, 141 A.L.R. 565; Supreme Tribe of Ben-Hur v. Cauble, 1921, 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673.

■ The initial question presented therefore is whether plaintiffs will be allowed to amend their complaint to give the court jurisdiction where no jurisdiction existed, either patent or implied, when the complaint was filed. Though there is authority for the view that an amendment presupposes jurisdiction of the case, e. g., McMichael v. United States, D.C.N.D. Ala.1945, 63 F.Supp. 598, the better view, which seems to be more in keeping with the spirit and liberality of the Federal Rules, does permit an amendment to cure a jurisdictional defect that is more than merely technical. E. g., Hackner v. Guaranty Trust Co. of New York, 2 Cir., 1941, 117 F.2d 95, certiorari denied 1941, 313

U.S. 559, 61 S.Ct. 835, 85 L.Ed. 1520; International Allied Printing Trades Ass'n v. Master Printers Union, D.C.N.J.1940, 34 F.Supp. 178; Moreschi v. Mosteller, D. C.W.D.Pa.1939, 28 F.Supp. 613.

■ Though plaintiffs may amend their pleading as a matter of course since the responsive pleading of defendants has not been served, Rule 15(a), F.R.C.P., an amendment whereby parties are added and dropped can only be made by order of the Court "on such terms as are just." Rule 21, F.R.C.P. In addition to the question as to whether this Court, in the exercise of its discretion, should allow the amendment, there is the further question of the power of the court to grant the particular request in this case.

Plaintiffs are asking that five new plaintiffs satisfying the diversity requirements be added and the original eleven plaintiffs thereafter be dropped so as to give the Court the requisite jurisdiction over the parties. Though plaintiffs' counsel seeks to accomplish this in two steps, the procedure must be taken as a whole, and it amounts in effect to a substitution of a new plaintiff for the original plaintiff (considering each group as a single party plaintiff). Can Rule 21, allowing parties to be dropped or added, be then construed to permit a complete substitution of all the parties? Logically, it does not seem that the intention of the framers of the Rules was to permit such a substitution, especially in light of Rule 25 which is entitled "Substitution of Parties" and enumerates the instances when a substitution can be effectuated, such as in case of death or transfer of interest. It has been held that Rule 21 is not a substitution rule, but contemplates the retention of a party or parties when another party is added or dropped, and therefore that a sole party plaintiff or defendant cannot be dropped and another added. United States v. Swink, D.C.E.D. Va.1941, 41 F. Supp. 98; Schwartz v. Metropolitan Life Insurance Co., D.C.Mass.1941, 2 F.R.D. 167; Schwartz v. The Olympic, Inc., D.C. Del.1947, 74 F.Supp. 800; cf. Davis v. L. L. Cohen & Co., 1925, 268 U.S. 638, 45 S.

Ct. 633, 69 L.Ed. 1129. However, this has been criticized as an unduly narrow restriction of Rule 21, on the ground that the same result, i. e., substitution, could be attained by a liberal interpretation of Rule 15 on amendments. 3 Moore, Federal Practice, p. 2907 (2d ed. 1948). In conformance with this more liberal view, substitution has been permitted by the method of adding and dropping parties. Hackner v. Guaranty Trust Co. of New York, cited supra; United States v. Saunders Petroleum Co., D.C.W.D.Mo.1947, 7 F.R.D. 608; United States v. Koike, 9 Cir., 1947, 164 F.2d 155; In re Raabe, Glissman & Co., D.C.S.D.N.Y.1947, 71 F. Supp. 678; Owen v. Paramount Productions, D.C.S.D.Cal.1941, 41 F.Supp. 557; cf. Keystone Telephone Co. v. United States, D.C.E.D.N.Y.1943, 49 F.Supp. 508.

■ This Court believes that the view as expressed in the Hackner case not only is controlling in this Circuit, but is the wiser answer to the problem of expediting trials and avoiding the unnecessary delay and expense of requiring an action to be started anew where a substitution is desired though the subject matter of the actions remains identical. Hence, having the power to grant the substitution by amendment, the question that necessarily follows is whether this Court will exercise its discretion in the instant case.

The cases cited in which substitution was permitted other than under Rule 25 were all deviations from the strict rule, and there were extenuating circumstances in all those cases allowing such deviation. It seems that the plaintiffs in this case must bring their request within the circumstances, or at least the reasoning, of those cases to permit their proposed amendment to be granted.

■ The first, and most justifiable situation allowing substitution, is where the same person is the party both before and after substitution, but desires to change the capacity in which he is bringing the action. This is exemplified by the case of Owen v. Paramount Productions, cited supra, where plaintiff was permitted to sue as executrix instead of individually, as was originally attempted.

The second situation in which substitution has been permitted is that in which the United States Government has taken over an action brought by the Price Administrator, United States v. Koike and United States v. Saunders Petroleum Co., cases cited supra. The Government was the real party in interest in these cases, as was apparent to the defendant from the outset of the suit, and the substitution is similar in nature to that permitted under subdivision (d) of Rule 25, providing for the substitution of public officers in a suit in case of death or separation from office.

■ The last group of cases might be classified under the heading of substitutions allowed because of a mistake as to the person entitled to bring suit. The best example of this class is the case of Keystone Telephone Co. v. United States, cited supra, in which the complaint was amended under the more liberal Admiralty Rules to substitute a wholly-owned subsidiary for the libellant, thereby correcting a mistake as to the ownership of the property damaged. The other two cases in this group are Hackner v. Guaranty Trust Co. of New York, cited supra, and In re Raabe, Glissman & Co., cited supra, decided on the authority of the Hackner case.

In the Raabe case it was held that the court retained jurisdiction when a qualified creditor was permitted to intervene in a bankruptcy proceeding for disbursement of unclaimed funds held to the credit of the bankrupt estate, brought on petition of an unqualified creditor. It can be seen that in this proceeding the person entitled to the fund was permitted to be substituted in place of one who thought he was entitled to the same fund, but who actually had no right or interest in the subject of the proceeding.

In the Hackner case, involving a class suit, a new plaintiff was permitted to come in and take over the case where none of the original plaintiffs had claims within the jurisdictional amount. The plaintiffs, including the new plaintiff, one Eastman,

allowed by amendment, all had claims identical in substance but differing in amount. The losses claimed were based on similar notes, and Eastman could show a prima facie loss of $5000, enough to establish jurisdiction, and more than the original three plaintiffs combined. It therefore appears that Eastman had more of a financial interest in the suit than did the original plaintiffs, who had made a mistake as to the jurisdictional requirements, believing that they could use the sum total of their claims to satisfy the jurisdictional requirement, rather than the amount of their individual claims separately stated. In allowing the substitution, the Court stated:

"* * * no formidable obstacle to a continuance of the suit appears here, whether the matter is treated as one of amendment or of power of the court to add or substitute parties, Federal Rule 21, or of commencement of a new action by filing a complaint with the clerk, Rule 3." 117 F.2d at page 98.

In the instant case the plaintiffs are suing individually and on behalf of the National Maritime Union. They wish to amend their complaint because of the lack of diversity of citizenship. Obviously their situation does not fall within the first two groups, i. e., suing in the wrong capacity or substituting the Government as a real party in interest for a nominal plaintiff. Their request must fall within the reasoning of the third group, more particularly the Hackner case, to be granted.

■ The original complaint can be considered to some extent to be a class suit brought on behalf of Union members deprived of the services of their elected officials, but principally it is an individual suit brought by plaintiff Drummond and the ten Patrolmen to be restored to the positions from which it has been declared by the National Council of the Union, they have "resigned". Upon discovering at the argument, and apparently conceding, that their action if unamended must fall because of lack of diversity of citizenship between plaintiffs and defendants, plaintiffs' counsel sought to amend as heretofore stated, and to bring the action solely as a class suit under Rule 23, by five new plaintiffs who are members of the Union residing outside of the New York Area. The relief sought in the amended complaint is somewhat the same as that in the original complaint, namely the restoration of the original plaintiffs to their elected positions and the restraint of the defendants from circulating false statements as to the original plaintiffs. However, the relief sought cannot be the same in nature, since the considerations in determining whether an injunction will be granted are different if the request for relief is primarily on behalf of an individual, or if primarily on behalf of a class. An injunction can only be granted if irreparable injury will otherwise be done to plaintiff. It can readily be seen that what constitutes irreparable injury to plaintiffs Drummond et al., may not be such to the substituted National Maritime Union.

In the Hackner case the party substituted had more of a financial interest in the suit than did the original plaintiffs, and the suit was from the outset a class action. In this case plaintiffs seek to substitute parties who have little more than a nominal interest in the suit, and who are merely being substituted because the original parties could not satisfy the jurisdictional requirements. Furthermore the action here was not originally considered to be a class action by the plaintiffs who sought leave at the argument to amend their complaint so as to bring their action as a class action pursuant to Rule 23.

It has been held that Rule 17(a), requiring prosecution of actions in the name of the real party in interest, applies to class actions also. Clark v. Chase National Bank of New York, D.C.S.D.N.Y.1942, 45 F.Supp. 820. Even considering this action to be a class action from the outset, what parties are the "real parties in interest" in fact, if not technically within the requirements of Rule 17(a)? The action was brought by the real parties interested, those who lost their positions and are now seeking to have them restored. The positions involve the New York Port and the New York Branch of the Union.

Though the membership in any particular area in a Union such as this must necessarily shift, it does not appear to this Court reasonable that a class action, involving New York members primarily and designated New York officials who instituted the action, should be allowed to continue in the name of five seamen from other States.

Furthermore, it would seem that in any action brought by the five new plaintiffs, the original plaintiffs may of necessity have to be joined as indispensable parties, since it is their positions and livelihood which are at stake, and their actions which are in question.

Another consideration, not often involved in diversity cases, is the "good faith" of the statement of damages made in the amended complaint which it is stated is in the sum of $5000 for each proposed added plaintiff. It has been held that if it is apparent from the face of the pleadings that the plaintiff is not entitled to recover the amount, or that the claim is colorable for the purpose of conferring jurisdiction, the action will be dismissed. St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845; Miller-Crenshaw Co. v. Colorado Mill & Elevator Co., 8 Cir., 1936, 84 F.2d 930; Kissick Construction Co. v. First National Bank of Wahoo, D.C.Neb.1942, 46 F.Supp. 869; Dixie Greyhound Lines v. Elliott, D.C.W.D.Ky.1942, 45 F.Supp. 953. While the Court does not desire to decide any question so as to bar the claim of the newly proposed plaintiffs in a subsequent action, it is difficult to see how damages in the sum of $5000 claimed by each of the proposed plaintiffs could possibly be sustained, and it is felt that this claim is merely a colorable attempt to confer jurisdiction upon this court. Indeed, the original complaint had no allegation of damage exceeding the specified amount required for jurisdiction.

If plaintiffs' amendment were to be allowed and parties having little more than a nominal interest as compared to the original parties substituted, solely to confer jurisdiction on the Court, what in effect amounts to a subterfuge would be practiced on the established Rules of Procedure and the Court, and the rules, which were established after much effort, would be honored more in the breach than in the observance. The Court in the Hackner case extended the rules permitting substitution to a great extent in the interests of expediency and justice. Yet in that case only the parties were changed, and then in favor of one with a greater interest. In the instant case the amendment would change the parties, the form of action from individual to class, the relief requested, and the factors to be considered in granting relief. It does not seem to this Court that it should stretch the rules to the point where by mere amendment all the original parties plaintiff will be replaced by new plaintiffs having merely a nominal interest, and the form of the action and other vital factors will be completely changed.

Indeed, it must also be observed that the order to show cause seeking the temporary injunction and the affidavits in support thereof were based essentially on the validity of the original complaint. The affidavits of David Drummond, one of the original plaintiffs who is to be dropped by the proposed amendment, bear out the observation that the action is one personal to him and the ten other Port Patrolmen. It is to be observed further that not a single affidavit has been submitted in support of the application for a temporary injunction by any of those plaintiffs whom it is desired be substituted in place of the original plaintiffs. In short, the instant application for a temporary injunction was served with and based on the original complaint and is further evidence of the personal nature of the suit.

The Court must, therefore, in the exercise of its discretion, deny plaintiffs' motion for leave to amend its complaint, grant defendants' motion to dismiss the complaint for lack of jurisdiction and deny plaintiffs' motion for a temporary injunction.

This Court has disregarded the failure by plaintiffs to comply with requirements of notice, service and other technicalities

on their oral motion to amend, due to the importance of the action and the necessity for an expeditious determination.

Accordingly:

(1) Plaintiffs' motion for a temporary injunction denied.

(2) Defendants' motion to dismiss complaint granted.

(3) Motion by plaintiffs to amend the complaint denied.

(4) The temporary stay granted in the order to show cause of November 17, 1949, as modified by the order to show cause of November 18, 1949, is vacated.