Mrs. Lunia Mae IVES

v.

G. R. KINNEY CORPORATION, G. R. Kinney Co., Inc., Brown Shoe Company, Inc.

Civ. A. No. 627.

United States District Court
M. D. Georgia, Columbus Division.

Feb. 18, 1957.

James H. Fort, Al Williams, Columbus, Ga., for plaintiff.

H. B. Pease of Swift, Pease, Davidson & Chapman, Columbus, Ga., for defendants.

BOOTLE, District Judge.

According to the complaint, on February 9, 1956, plaintiff, while shopping in "Kinney's" shoe store at No. 1140 Broadway, Columbus, Georgia, fell into an unguarded and unprotected open trap door down to a concrete floor eight feet below sustaining serious permanent injuries. Her complaint, filed in this Court on July 16, 1956, seeking damages names as defendant "G. R. Kinney Corporation", a Delaware corporation. The Marshal served the writ by handing same to the Assistant Manager in charge of the store. The defendant answered that on February 9, 1956 it did not own, operate or control the store operated at No. 1140 Broadway, Columbus, Georgia.

From the pleadings, answers to interrogatories and affidavits, I find that G. R. Kinney Co., Inc. (not the corporation named as original defendant) was a New York corporation incorporated in 1917 and was, on February 9, 1956 the date plaintiff allegedly received the injuries, doing business in Georgia and was operating the store in question and in accordance with the requirements of Section 22–1507 of the Georgia Code Annotated had designated D. F. McClatchey of Atlanta, Georgia as its agent for service of legal process in Georgia. Said corporation had operated said store under the same lease since March 22, 1950. On or about May 1, 1956, however, said corporation withdrew from the State of Georgia and ceased doing business here-

in and caused its name to be removed by the Secretary of the State of Georgia from the corporation records in his office. And on or about May 1, 1956, G. R. Kinney Co., Inc., said New York corporation, and Brown Shoe Company, Inc., also a New York corporation, incorporated in 1913, were consolidated into Brown Shoe Company, Inc. The certificate of consolidation recited that Brown Shoe Company, Inc. was "desiring to consolidate with G. R. Kinney Co., Inc." and that "the consolidated corporation is to be one of the constituent corporations and not a new corporation. The name of the surviving constituent corporation is Brown Shoe Company, Inc."

All assets of G. R. Kinney Co., Inc. were transferred to Brown Shoe Company, Inc., which in turn transferred them to G. R. Kinney Corporation, the Delaware corporation, incorporated in November, 1955, and named as the original defendant in this case. G. R. Kinney Corporation is a wholly owned subsidiary of Brown Shoe Company, Inc. All of the officers of G. R. Kinney Corporation had been officers in G. R. Kinney Co., Inc., and the three directors of G. R. Kinney Corporation were among the thirteen directors of G. R. Kinney Co., Inc. After May 1, 1956, the Delaware corporation, G. R. Kinney Corporation, continued the operation of the store in question just as it had been previously operated with the same store manager, W. D. Faircloth, in charge. On April 24, 1956, the store manager received from the New York office of G. R. Kinney Co., Inc. an intercompany letter advising him that "because of the proposed merger of G. R. Kinney Co., Inc. with Brown Shoe Company which will become effective on May 1", he should take a complete inventory on Monday, April 30, 1956. Beginning May 1, 1956, deposits were made in the name of G. R. Kinney Corporation and instructions and directions relating to the operation of the store came to the manager from G. R. Kinney Corporation. Sales slips, ad valorem tax returns, etc. were changed accordingly. On the display windows there had been three de-

calcomanias of G. R. Kinney Co., Inc., and two of these were removed and replaced with new ones reading "G. R. Kinney Corporation." The store lease was, with consent of lessor, transferred by G. R. Kinney Co., Inc. to Brown Shoe Company, Inc. on April 2nd, 1956 and by it to G. R. Kinney Corporation on May 1st, 1956.

As a result of the consolidation or merger, and pursuant to the provisions of the stock corporation laws of New York, Brown Shoe Company, Inc. is deemed to have assumed, and is liable for, all of the debts, liabilities and obligations of G. R. Kinney Co., Inc.

When the above facts were discovered by plaintiff, she filed a motion to add G. R. Kinney Co., Inc. as a party defendant. Thereupon G. R. Kinney Corporation filed its objections to said motion urging that G. R. Kinney Co., Inc. "does not own, maintain or operate any store or business within the State of Georgia; does not have an agent within the State of Georgia, and is not subject to the jurisdiction of this Court," that the two Kinney corporations are separate legal entities and that G. R. Kinney Co., Inc. "has been merged with the Brown Shoe Company, Inc."

Brown Shoe Company, Inc., appearing specially and through counsel other than those representing G. R. Kinney Corporation, also filed objections to plaintiff's motion to make G. R. Kinney Co., Inc. a party defendant alleging that, as a result of the merger, it, Brown Shoe Company, Inc., was the proper party to make objections to plaintiff's motion to have G. R. Kinney Co., Inc. made a party defendant.

Later, plaintiff amended her motion so as to ask that Brown Shoe Company, Inc. also be made a party defendant.

After hearing the motions and objections, this Court, on January 9, 1957, granted the motion as amended, and ordered that G. R. Kinney Co., Inc. and Brown Shoe Company, Inc. be made parties defendant, that they be properly served and that they then have every right to answer, plead, file motions, or do

any other thing they could have done if they had been named defendants in the original suit. In support of said order, see National Maritime Union of America v. Curran, D.C.S.D.N.Y., 87 F.Supp. 423 (4); Moore's Federal Practice, Vol. 3, Section 21.04, page 2908; Hackner v. Guaranty Trust Co. of New York, 2 Cir., 117 F.2d 95 (9 and 10); Keystone Telephone Co. v. United States, D.C.E.D.N.Y., 49 F.Supp. 508; Bainum v. American Bridge Co. of New York, C.C., 141 F. 179; Hernan v. American Bridge Co., 6 Cir., 167 F. 930; Chief Consol. Mining Co. v. Mammoth Mining Co., 8 Cir., 29 F.2d 703; Riverdale Cotton Mills v. Alabama & Georgia Mfg. Co., 198 U.S. 188, 199, 25 S.Ct. 629, 49 L.Ed. 1008, 1016.

Brown Shoe Company, Inc. was then served by serving the Secretary of State in accordance with Section 22–1507, Georgia Code Annotated and by the Marshal's serving D. F. McClatchey "being the person designated to accept service of process in Georgia for said corporation by G. R. Kinney Co., Inc., said Brown Shoe Company, Inc., being the successor to said G. R. Kinney Co., Inc., and standing in its place", and by the Marshal's handing a copy to Wilbur D. Faircloth "who was agent for said corporation and manager and agent in charge of the defendant's Columbus, Georgia, place of business on February 9, 1956, said service being made at Marilyn Shoe Store, 1120 Broadway, Columbus, Georgia", where Faircloth is presently employed. G. R. Kinney Co., Inc. was served by serving the Secretary of State in accordance with the Code Section last cited and by the Marshal's handing copies to D. F. McClatchey "who is the person designated as agent for service on said corporation in Georgia" and by the Marshal's delivering copies to Wilbur D. Faircloth "who was agent for said corporation and manager and agent in charge of the corporation's Columbus, Georgia place of business on February 9, 1956, said service being made at Marilyn Shoe Store, 1120 Broadway, Columbus, Georgia."

Thereupon Brown Shoe Company, Inc. filed two special appearances by the same able counsel who represent G. R. Kinney Corporation, one appearance being to dismiss as to G. R. Kinney Co., Inc., or in lieu thereof to quash the service, and the other appearance being to dismiss as to Brown Shoe Company, Inc., or in lieu thereof to quash the return of service.

After hearing the parties at interest, this Court concludes that G. R. Kinney Co., Inc. and Brown Shoe Company, Inc. have been properly made parties in this case and have been properly served. G. R. Kinney Co., Inc., by reason of the merger and/or consolidation with and into Brown Shoe Company, Inc., is still in existence under the name Brown Shoe Company, Inc. At the time of the injuries complained of it was unquestionably doing business in the State of Georgia, having designated D. F. McClatchey as its process agent upon whom process in this State can be served, and its subsequent cessation of business in this State and withdrawal from this State did not insulate it from service of process or from the jurisdiction of the Courts in Georgia with respect to any litigation growing out of, or based upon, any business done by it in this State. "And where a corporation appoints an agent to receive service of process or is deemed to have appointed a state official for that purpose by doing business in the state, it cannot later revoke that authority and withdraw from the state so far as concerns service of process in actions arising from business done while in the state." Moore's Federal Practice, Vol. 2, Section 4.25, page 983; Mutual Reserve Fund Life Association v. Phelps, 190 U.S. 147, 157, 158, 23 S.Ct. 707, 47 L.Ed. 987, 994, 995; State of Washington ex rel. Bond & G. & T. v. Superior Ct., 289 U.S. 361, 53 S.Ct. 624, 77 L.Ed. 1256; American Railway Express Co., v. Kentucky, 273 U.S. 269, 47 S.Ct. 353, 71 L.Ed. 639; Zendle v. Garfield Aniline Works, D.C., 29 F.2d 415; Keller v. American Sales Book Co., D.C., 16 F.Supp. 189, 191; Electrical Equipment Co. v. Daniel Hamm Co., 8 Cir., 217 F.2d 656, 663, and Chatters v. Louisville & N. R. Co., D.C., 17 F.2d 305.

The service upon the Secretary of State and upon D. F. McClatchey, the process agent, is authorized by Section 22–1507, Georgia Code Annotated. The service upon Wilbur D. Faircloth, the store manager of G. R. Kinney Co., Inc. as of February 9, 1956, the date of the injuries complained of, is authorized by Sections 22–1211 and 22–1874, Georgia Code Annotated in the event said corporation be regarded as having been dissolved.

Accordingly, both of said motions filed by Brown Shoe Company, Inc. to dismiss, or in lieu thereof to quash the returns of service, are hereby overruled and denied and both G. R. Kinney Co., Inc. and Brown Shoe Company, Inc. are hereby ordered to serve their responsive pleadings within ten days after notice of this order. G. R. Kinney Co., Inc.'s remaining in the case may, or may not, serve a useful purpose. At the hearing of Brown Shoe Company, Inc.'s most recent motions their counsel indicated that there may be some question as to whether or not the same insurance company covers both G. R. Kinney Co., Inc. and Brown Shoe Company, Inc. That question was not pressed by anyone to a definite conclusion. Should it be that the insurance carrier is different as to G. R. Kinney, Co., Inc. and Brown Shoe Company, Inc. there may be some advantage to plaintiff in having her judgment, should she prove herself entitled to one, read in both names. Certainly no one can be harmed by its so reading. As above recited in Brown Shoe Company, Inc.'s special appearance to object to G. R. Kinney Co., Inc.'s being made a party, it pleaded that it "is a proper party to make objections to plaintiff's motion to have G. R. Kinney Company (sic), Inc. made a party defendant." Similarly, it would appear to be a proper party to answer for G. R. Kinney Co., Inc.

In the answer filed by G. R. Kinney Corporation its second defense is that on February 9, 1956 it did not own, operate, manage or control the business operated at No. 1140 Broadway, Columbus, Georgia, nor did it have the right to manage or in any way control said business or any person employed therein. Subsequently, it made a motion that said second defense be heard and determined before the trial and that plaintiff's action be dismissed on the ground that if said defense is decided in defendant's favor the action should be dismissed. At the most recent hearing on all of these motions counsel for plaintiff stated that he had no objection to the complaint being dismissed as to the defendant G. R. Kinney Corporation. Matters outside the pleadings having been presented to, and not excluded by, the Court, said motion is being treated as one for summary judgment and disposed of as provided in Rule 56, Rules of Civil Procedure, 28 U.S.C.A.

Accordingly, counsel for G. R. Kinney Corporation may prepare and submit summary judgment as to that particular defendant, after submitting it to plaintiff's counsel, who shall have three days for suggestions as to form.