**C. G. WILLIS, INCORPORATED, owner of THE Barge KAY and THE Tug WILLISTON, Libellant,**

v.

**UNITED STATES of America, owner of THE FS–219, in personam, Respondent.**

No. 313.

United States District Court
E. D. Virginia,
Newport News Division.

Dec. 13, 1961

68

Seawell, McCoy, Winston & Dalton, Robert M. Hughes, III, Norfolk, Va., for petitioner.

C. V. Spratley, Jr., U. S. Atty., Norfolk, Va., Harold G. Wilson, Trial Atty., Admiralty and Shipping Section, Dept. of Justice, Washington, D. C., for respondent.

WALTER E. HOFFMAN, Chief Judge.

By an interlocutory decree dated January 3, 1961, the Court held that the respondent was liable for the damages sustained by libellant as the result of a collision occurring on April 4, 1956. The parties not having agreed upon the damages, an order of reference was entered on February 10, 1961, submitting the matter to a commissioner for the ascertainment of damages. While the inquiry was before the commissioner, a pre-trial conference was scheduled but proctor for respondent failed to appear. The commissioner advised proctors by letter dated March 30, 1961, as to the procedural rules to be followed in the presentation of the claims for damage including, in part, the following:

"At the pre-trial conference, the commissioner made the following rulings:

\* \* \* \* \* \*

"As to claims for cargo loss and surveyor's fees, paid receipts showing such losses and expenses will suffice to prove the fact of such losses and expenses and the extent of same."

As filed, the libel made no mention of any claim for cargo loss. The pertinent paragraph of the libel relating to damages reads:

"*Seventh:* As a result of the said collision, the Barge KAY sustained severe physical damage to her bow, both above and below the water line, and to other parts of the vessel, as well as to her equipment; libellant has further incurred survey, tug and pilotage charges, and damages as a result of detention during repairs, in a total amount of at least $30,-000.00, as far as is now ascertainable. No part of such expenses and loss have been paid by respondent, although duly demanded. Right is reserved by the libellant to amend its libel in the event that damages exceed the amount mentioned."

At the subsequent hearing before the commissioner on May 4, 1961, the respondent was initially represented by an Assistant United States Attorney due to the absence of the attorney from the Admiralty and Shipping Section of the Department of Justice. Testimony was introduced reflecting that libellant had actually paid the cargo losses aggregating $2,345.72. Later during said hearing the attorney for the Admiralty and Shipping Section appeared and moved to strike any evidence relating to cargo loss on the ground that it was not alleged in the libel. The evidence was admitted and the commissioner found, by his report filed September 15, 1961, that libellant was entitled to recover for the cargo loss if the Court saw fit to permit an amendment to the libel.

On May 23, 1961, libellant filed a motion to permit an amendment to the libel including the item of cargo loss. We have for consideration the propriety of permitting an amendment to the libel to include an item of omitted damage after the statute of limitations has expired. Under the liberal interpretation of Admiralty Rule 23, 28 U.S.C.A. and the authority of Deupree v. Levinson, 6 Cir., 186 F.2d 297, 303, cert. den. 341 U.S. 915, 71 S.Ct. 736, 95 L.Ed. 1351, the amendment should be granted. This is not a situation in which a third party paid the loss and endeavors to seek a recovery after the statute has run. The libel was filed on November 28, 1956. All claims for cargo loss had been paid by libellant prior to that date. As of the date of the filing of the libel the cargo owners had been fully compensated by libellant. Moreover, while the action was instituted under the Public Vessels Act, 46 U.S.C.A. § 781 et seq., or in the alternative under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., and according to the pleadings and evidence, is more properly under the Public Vessels Act, the latter provides that such actions shall be subject to and proceed in accordance with the Suits in Admiralty Act. The libellant, pursuant to 46 U.S.C.A. § 743, elected to proceed in accordance with the principles of libels *in rem*. The right to amend in an action governed by *in rem* principles is far more liberal than in an action instituted strictly under *in personam* principles. Keystone Telephone Co. v. United States, D.C., 49 F.Supp. 508. The motion to amend the libel will be granted.

While respondent has filed no objections to the report of the commissioner, the parties have argued the matter of the allowance for the cost of survey fees that were paid by the underwriters, the two surveys aggregating $390.04. The commissioner found that the respondent participated in these surveys and allowed same under authority of The Alaska, D. C., 44 F. 498; The Switzerland, C.C., 67 F. 617; The Bulgaria, D.C., 83 F. 312, and Compania de Navegacion Interior, S. A. v. Boston-Virginia Transp. Co., et al., 5 Cir., 278 F. 868. Where formal notice of the survey is given to the opposing party and there has been no duplication of fees, the better rule allows the recovery for survey costs where, as in this case, United States Salvage Association represented both libellant and respondent. The rule is otherwise where no formal notice of the survey has been given; Yachts, Inc. v. The Edward F. Farrington, D.C., 146 F.Supp. 754; Goodwin v. The Jackie B., D.C., 147 F. Supp. 292; or where duplicate surveys are made by both the owner and underwriter. The Priscilla, 1 Cir., 55 F.2d 32; New Haven Steam-Boat Co. v. The Mayor, etc., D.C., 36 F. 716; The Benjamin A. VanBrunt, D.C., 3 F.2d 655.

The foregoing eliminates the necessity of discussing libellant's contention that respondent is now estopped to contest the propriety of the cargo losses and survey costs.

In the interlocutory decree, the Court provided for interest from April 4, 1956, which was the date of the collision. The decree was entered after efforts to obtain any criticism of same from proctor for respondent were to no avail. Under the Public Vessels Act, 46 U.S.C.A. § 782, it is stated that no inter-

est shall be allowed on any claim up to the time of the rendition of judgment unless upon a contract expressly stipulating for the payment of interest. Accordingly, interest will be allowed from the date of the final decree. Geo. W. Rogers Const. Corp. v. United States, D.C., 118 F.Supp. 927, 936.