**Margaret CURRY, as Administratrix of the Estate of William Curry, deceased, Plaintiff,**

v.

**P. D. MARCHESSINI, INC., P. D. Marchessini & Co. Ltd., (Also operating as P. D. Marchessini & Co. New York, Inc.,), Defendants.**

**No. 64 Civ. 663.**

United States District Court
S. D. New York.
May 11, 1965.

Jacob Rassner, New York City, for plaintiff.

Lawton, Sipple & Chamlee, Savannah, Ga., for defendants.

CANNELLA, District Judge.

Motion by the defendant pursuant to 28 U.S.C. § 1404(a) for an order transferring the within action brought in this district to the United States District Court for the Southern District of Georgia, Savannah Division, is granted.

This action is brought by the plaintiff as administratrix of the estate of William Curry, for the alleged wrongful death of Curry while in the course of his employment as a longshoreman engaged in loading the defendant's vessel Eurylochus at the Ocean Terminal in Savannah, Georgia. The plaintiff's letters of administration were issued out of the Court of the Ordinary for the County of Chatam in Georgia. This plaintiff is a resident and citizen of the state of Georgia and all next of kin of William Curry are residents of that state. At the time of the fatal incident at issue in this action, the decedent was a resident and citizen of Georgia.

The complaint alleges, inter alia, that the injuries and death of the decedent were caused by the unseaworthiness of the defendant's vessel. The stevedoring firm which employed Curry, Atlantic Stevedoring Co., Inc., is a Georgia corporation. The decedent's fellow longshoremen, those who were witnesses to the incident, are residents of Savannah. Any medical testimony relative to the issues of this litigation will be related by witnesses who are residents of the state of Georgia. The defendant, a foreign corporation, was represented in the Savannah area by Dixie Steamship Agency, Inc. The latter was available at their office in Savannah for receipt of process on behalf of the defendant.

28 U.S.C. § 1404(a) provides in substance that an action may be transferred from one district to another for the convenience of parties and witnesses

and in the interest of justice. The authority is limited by statute in that a transfer may be effected only to another district where the action might have been brought. The general test of convenience contained in the statute has been delineated by a line of cases more clearly indicating the factors to be considered in ordering a transfer. Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955); See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Among other things, the court should consider the relative ease of access to sources of proof, availability of compulsory process for the attendance of unwilling witnesses, the cost of obtaining the presence of willing witnesses and all other practical considerations tending to promote an expeditious and inexpensive trial. Gulf Oil Corp. v. Gilbert, supra; Andino v. The S. S. Claiborne, 148 F.Supp. 701 (S.D. N.Y.1957). See Ford Motor Co. v. Ryan, 182 F.2d 329 (2d Cir. 1950); Dolly Toy Co. v. Bancroft-Rellim Corp., 97 F.Supp. 531 (S.D.N.Y.1951).

■■ Considering the above factors in the context of this case, the defendant has made a showing of the inconvenience of retaining the action in this district. The burden on the defendant here requires a lesser display than would be necessary if it had requested relief under the doctrine of forum non conveniens. Norwood v. Kirkpatrick, supra; Gulf Oil Corp. v. Gilbert, supra. The plaintiff has not indicated that any necessary witnesses presently reside in this district. Since witnesses required for an orderly trial of this action are not amenable to the process of this court, it is highly convenient for this trial to take place in the Southern District of Georgia. While the plaintiff's choice of forum is a factor to be considered (See Ford Motor Co. v. Ryan, supra), it is not determinative of the issue. In weighing the factors in this case, it appears to the court that it will be more convenient as far as the parties and witnesses are concerned to transfer this action to the Southern District of Georgia.

■ The last remaining question before the court on this motion is whether the instant action could have been brought in the transferee district. The complaint asserts jurisdiction over the subject matter by virtue of diversity of citizenship between the parties. 28 U. S.C. § 1332(a) and (c). It is clear that venue could properly have been laid in the Southern District of Georgia. 28 U.S.C. § 1391(a). This defendant was doing business in Savannah, Georgia at the time of this accident within the meaning of 28 U.S.C. § 1391(c) and is thus a resident of that judicial district for venue purposes. Furthermore, the defendant was available for service of process through its agent, Dixie Steamship Agency, Inc. Even assuming that service could not have been made by this means, it could have been effected by service on the Secretary of State in Georgia. See Section 22–1507 Georgia Code Annotated. See generally Ives v. G. R. Kinney Corp., 149 F.Supp. 710 (M.D.Ga.1957).

Practical considerations viewed with § 1404(a) in mind clearly dictate the course this court now takes. The defendant has stated its willingness to appear generally and defend the action in the transferee court. Should any impleading of the stevedoring company be deemed advisable, it can be effected by service of process in Georgia, thus avoiding an unnecessary multiplicity of actions. In view of the factors displaying the convenience of proceeding with the litigation in the Georgia district court, the transfer is desirable.

So ordered.