**Louis BUCALO, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**GENERAL LEISURE PRODUCTS CORPORATION et al., Defendants.**

No. 70 Civ. 5024.

United States District Court, S. D. New York.

Aug. 3, 1971.

Gordon & Tropp, New York City, for plaintiff.

Cahill, Gordon, Sonnett, Reindel & Ohl, and Shea, Gallop, Climenko & Gould, New York City, for defendants.

### MEMORANDUM

TENNEY, District Judge.

By notice of motion dated March 9, 1971, plaintiff moves pursuant to Fed. R.Civ.P. 15 to "amend" the within complaint by "substituting" two other persons as named plaintiffs. Alleging various prospectus misrepresentations and deficiencies in violation of the federal securities laws, plaintiff, on behalf of himself and all others similarly situated, seeks recovery of over $2,000,000 in damages from the defendants.

Although the instant motion purports to be one to amend under Fed.R.Civ.P. 15, it is clear that the relief requested is permission to substitute parties plaintiff.

Briefly, the undisputed facts are as follows. Plaintiff Bucalo commenced this class action on November 16, 1970. Although originally intending to proceed until final judgment, it appears that personal circumstances, unforeseeable when suit was commenced, have made it impossible for plaintiff to continue pursuing this action.[1] The Court is advised, however, that two substitute plaintiffs, in positions essentially identical to Mr. Bucalo's, are willing to assume full responsibility for continued prosecution of this suit. Apparently aware that this application is essentially one to substitute parties and not to amend pleadings, plaintiff concedes that "[t]he only differences between the amended complaint and the original complaint are those necessary to convert the cause of action to one in which . . . [the substitute parties] are the plaintiffs . . ."[2] Indeed, it is admitted that "the original complaint and the amended complaint are the same and the sole purpose in amending the complaint is to effect a substitution. . . ."[3]

It further appears that although plaintiff's originally noticed deposition scheduled for January 5, 1971 was adjourned on numerous occasions at his request, he nevertheless failed to appear on March 19, 1971, the date finally scheduled for the deposition. Rather than seeking protective relief under the pertinent Federal Rule (Fed.R.Civ.P. 26 or 37) or requesting further adjournment, movant's attorney merely wrote to defense counsel one day prior to the scheduled deposition, informing them that during the pendency of the instant motion plaintiff would not be deposed.

It should further be noted, although this is not dispositive of the issue before the Court, that both the original and proposed "amended" complaint fail to comply with Rule 11A of the Civil Rules of this court by, *inter alia*: (a) omitting a designation of those questions of law and fact allegedly common to the class; (b) failing to specify that part of Fed.R.Civ.P. 23(b) under which the action is to be maintained; and (c) not including appropriate averments in justification of the class claim. (*E. g.*, the approximate number of persons in the class.) Plaintiff has further failed to comply with local Rule 11A since although the complaint was filed on November 16, 1970, he did not move within sixty (60) days for class determination. As an excuse therefor, it is urged that said motion could not be made because of Mr. Bucalo's inability to further participate in this action. If plaintiff contends that within sixty (60) days after the action was commenced, it was determined that he could no longer assume responsibility for continued prosecution of the suit, then he should immediately have moved to "substitute" plaintiffs in order to at least attempt to comply with the time limitation imposed by Rule 11A. Moreover, no explanation is given for the nearly one and one-half months that elapsed between the deadline for moving for class determination and March 9, 1971, the date the within motion was originally returnable. If additional time to move for class determination were required, plaintiff could nevertheless have timely moved, since Rule 11A specifically provides that in considering a motion for class determination the Court may "order postponement of the determination pending . . . other preliminary procedures as appear to be appropriate and necessary in the circumstances."

---

1. Affid. of Louis Bucalo ¶ 9 (dated March 9, 1971).

2. *Id.* ¶ 10.

3. *Id.*

In opposition to this motion, defendant Peat, Marwick, Mitchell & Co., joined by all of the other named defendants, urges that the substitution sought by plaintiff is legally impermissible, and that if permitted would severely prejudice the defense.

Initially, it should be observed that plaintiff is not moving to *add* two additional named plaintiffs as representatives of the class; rather, *substitution* of two parties plaintiff is sought. No excuse is given for this somewhat unorthodox motion commenced under Fed.R. Civ.P. 15, other than the vague explanation that "personal unforeseeable circumstances" beyond plaintiff's control have made it impossible for him to continue to pursue this action. Although it would perhaps be indelicate to "pry" into the nature of the alleged "unforeseeable personal circumstances" occasioning the instant motion, the Court cannot naively accept them as a *per se* basis for granting patently inappropriate relief.

Inasmuch as Mr. Bucalo initially commenced this action, located the proposed substitute plaintiffs without disclosing his relationship, if any, to them, and moved for "substitution" on the eve of his scheduled deposition, it is plain that if substitution were permitted the defense would be deprived of its rights to depose plaintiff as a party and to subject him to the sanctions available against a party under Fed.R.Civ.P. 37(d). In addition, Mr. Bucalo would not be subject to the discovery provided under Fed.R.Civ.P. 33, 34 and 36 (written interrogatories, production of documents and requests for admissions).

Apart from the above-noted prejudice to the defense, it must be considered that the relief requested herein is patently inappropriate under Fed.R.Civ.P. 25, which specifically governs substitution of parties. Admittedly, there exists authority for permitting substitution under Fed.R.Civ.P. 21 in particular circumstances. National Maritime Union of Amer. v. Curran, 87 F.Supp. 423 (S. D.N.Y.1949). Consideration of the above-cited authority, however, makes it clear that the facts existing herein fall far short of the specifically enumerated circumstances under which substitution should be permitted under Rule 21.

In *National Maritime, supra* at 425–426, it was noted that although Rule 21 does not provide for the substitution of parties, it has been utilized to achieve the same result by permitting the simultaneous addition and deletion of a party. This indirect substitution has been allowed essentially because under a liberal interpretation of Rule 15 the same result could be achieved. It was further and more importantly noted, however, that before permitting substitution for reasons other than those provided in Rule 25 (none of which are applicable to movant herein), certain extenuating circumstances must exist. National Maritime Union of Amer. v. Curran, *supra* at 426. In sum, these circumstances are:

"The first and most justifiable situation allowing substitution, is where the same person is the party both before and after substitution, but desires to change the capacity in which he is bringing the action. . . .

The second situation . . . is that in which the United States Government has taken over an action . . .

The last . . . [situation] might be classified under the heading of . . . [substitutions] allowed because of a mistake as to the person entitled to bring suit." National Maritime Union of Amer. v. Curran, *supra* at 426.

Thus, since the instant situation does not present extenuating circumstances even remotely analagous to those set forth above, and in view of the possible prejudice to defendants' discovery rights should substitution be permitted solely on the basis of unexplained "personal

unforeseeable circumstances" which prevent plaintiff from continuing this action, plaintiff's motion is denied.

So ordered.